# Groninger *v.* Acker, Appellant.

*Judgment—Opening judgment—Evidence—Discretion of court.*

The unsupported testimony of a defendant in a confessed judgment admitting the execution of the instrument upon which the judgment was entered, but alleging fraud in the procurement or use of it, which is directly opposed by the testimony of the plaintiff, is insufficient to warrant the opening of the judgment, or to be submitted to the jury on the trial of an issue awarded.

The court to which an application is made to open a judgment may judge the weight of the evidence and the credibility of the witnesses,

and is not bound, even where there is a conflict of testimony, to send the case to the jury. The whole proceeding resolves itself into the exercise of a sound judicial discretion.

Argued Oct. 23, 1906. Appeal, No. 59, Oct. T., 1906, by defendant, from order of C. P. Huntingdon Co., Dec. T., 1905, No. 83, discharging rule to open judgment in case of H. B. Groninger to use of W. H. Chilcote v. Isaac M. Acker and George W. Acker. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Rule to open judgment. Before WOODS, P. J.
The opinion of the Superior Court states the case.

*Error assigned* was the order of the court discharging rule to open judgment.

*L. H. Beers* and *W. M. Henderson*, for appellants.

*Richard W. Williamson*, for appellees.

OPINION BY BEAVER, J., November 19, 1906 :
The court below refused to open a judgment entered upon a judgment note, admittedly executed by the defendants, the allegation of the petition, upon which the rule to show cause was granted, being fraudulent representations made at the time of the execution of the note.

The fact of the alleged misrepresentations rests practically upon the testimony of the principal in the note alone. An effort is made to corroborate his testimony by declarations which he made, at or about the time of the execution of the note by his father, who is the surety thereon, but these are simply the declarations of the principal and are certainly no stronger than his testimony. The fact is explicitly denied by the plaintiff, and his version of the transaction would seem to be corroborated to some extent by a written agreement, executed at the time the note was given.

" The unsupported testimony of a defendant in a confessed judgment admitting the execution of the instrument upon which the judgment was entered, but alleging fraud in the procurement or use of it, which is directly opposed by the testimony of the plaintiff, is insufficient to warrant the opening

of the judgment or to be submitted to the jury on the trial of an issue awarded. In such a case the conflict of testimony is over the equity which the defendant sets up as the ground for relief from a legal liability he has assumed. The instrument itself is evidence against him, and, therefore, both upon reason and authority, he must overcome the prima facie presumption arising from his own act, and establish his allegation by the quantum and character of proof required to move a chancellor to make a decree in his favor, or be left where he has placed himself under the law : " Shannon v. Castner, 21 Pa. Superior Ct. 294.

The testimony in support of and against the rule to show cause is quite voluminous. It seems to have been carefully considered by the court below. The conclusions of the court below are contained in an opinion and decree which, in its findings of fact and conclusions of law, shows careful consideration and the exercise of a sound judicial discretion. When this appears, there is no call for the interference of an appellate court.

" The court to which an application is made to open a judgment may judge the weight of the evidence and the credibility of the witnesses, and is not bound, even where there is a conflict of testimony, to send the case to a jury. The whole proceeding resolves itself into the exercise of a sound judicial discretion : " Augustine v. Wolf, 215 Pa. 558.

Decree affirmed and appeal dismissed at the costs of the appellants.