# Schnebel *v.* Nelson, et al., Appellants.

*Judgments—Warrant of attorney—Mistake—Rule to open judgment—Discretion of court.*

1. On a motion to open a judgment entered by confession under a warrant of attorney contained in · a written indenture of lease between plaintiff as lessor and defendants as lessees, one ·of the defendants claimed that although he had signed as lessee, his liability was intended to be that of a surety, without averring in his petition any fraud, accident or mistake in the procuring or execution of the lease. The court, after hearing the testimony of both parties, dismissed the rule on the ground that the testimony on the part of the defendant was not sufficient to overcome the evidence of the written instrument. *Held,* no error.

2. Upon a rule to open judgment the court to which the application is made may judge the weight and the credibility of the evidence and is not bound, even where there is a conflict of testimony, to send the case to the jury. The whole proceeding resolves itself into the exercise of a sound discretion which will not be interfered with on appeal except for abuse.

Argued October 21, 1912. Appeal, No. 47, Oct. T., 1912, by defendants, from order of C. P. No. 3, Allegheny County, Nov. T., 1911, No. 55, discharging rule to open judgment in the case of Lizzie Schnebel v. Robert Nelson and A. Hamburger. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Rule to open judgment.
The opinion of the Supreme Court states the facts.

*Error assigned* was the order of the court discharging the rule.

*Charles A. O'Brien,* with him *Leonard S. Levin,* for appellants.—The evidence was sufficient to justify the court in opening the judgment: Knarr v. Elgren, 19 W. N. 531; Kneedler's App., 92 Pa. 428; Jenkintown

Nat. Bank's Appeal, 124 Pa. 337; Com. v. Mellet, 196 Pa. 243.

*Wm. C. Gill,* for appellee, cited: Blauvet v. Kemon, 196 Pa. 128.

OPINION BY MR. JUSTICE MOSCHZISKER, January 6, 1913:

The assignments raise but one question: Was error committed by the court below in refusing to open the judgment against the defendant, A. Hamburger? The judgment was by confession under warrant contained in a written indenture of lease between the plaintiff as lessor and A. Hamburger and Robert Nelson as lessees. The lease was signed by both lessees, who also signed a surety clause on the back thereof, but Hamburger, while admitting that he looked over the instrument at the time of its execution, claimed that the understanding between the parties was that he was merely a surety and not a lessee. The court below refused to open the judgment, stating, "We have examined the testimony in this case, both of the plaintiff and of the defendant, and are of opinion that the testimony on the part of Hamburger is not sufficient to overcome the evidence of a written instrument."

Fraud, accident, or mistake in the procuring or in the execution of the lease was not averred by the appellant in his petition to open the judgment, nor was testimony produced to substantiate any such grounds. We have before us a written instrument duly signed by one named therein as a lessee, with a finding by the court below that there was not sufficient evidence to show that he did not occupy that position. After considering the pleadings and the evidence we cannot find error in this conclusion. The court to which an application is made to open a judgment may judge the weight of the evidence and the credibility of the witnesses, and is not bound, even where there is a conflict of testimony,

to send the case to a jury. The whole proceeding resolves itself into the exercise of a sound discretion: Augustine v. Wolf, 215 Pa. 558; Blauvelt v. Kemon, 196 Pa. 128. We are not convinced of any abuse of discretion in this case.

The assignments of error are overruled and the judgment is affirmed.