# Braman *v.* Bassman, Appellant.

*Judgment—Opening judgment—Conflicting testimony — Discretion—Landlord and tenant.*

A judgment in ejectment entered on a lease after the termination of the lease, will not be opened where the testimony of the defendant contradicted by the testimony of the plaintiff, and another witness, is to the effect that the plaintiff had made a verbal promise to defendant that he might remain in possession at an increased rent until other premises which defendant intended to occupy should be ready for him. In such a case the appellate court cannot say that there was an abuse of discretion of the lower court in refusing to open the judgment.

Submitted Oct. 22, 1918.    Appeal, No. 267, Oct. T., 1918, by defendant, from order of C. P. No. 4, Philadelphia Co., June T., 1918, No. 3535, discharging rule to open judgment in case of Samuel Braman, Assignee of Charles Kaplan, Lessor, v. S. Bassman and M. Glatstein, Lessees. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Rule to open judgment in ejectment entered on a lease.

*Error assigned* was order discharging rule to open judgment.

*Louis Goodfriend,* for appellant.

*Max Herzberg,* for appellee.

OPINION BY TREXLER, J., November 30, 1918:

The plaintiff caused a judgment to be entered against defendant in ejectment by virtue of authority given in a lease and a writ of possession was issued. There is no dispute that the term of the lease had expired. The defendant asked the court to open the judgment for the

reason that the landlord had made a verbal promise to him that he might remain in possession of the premises at an increased monthly rental until other premises which defendant intended to occupy should be ready for him. The court refused to open the judgment. Depositions were taken and the defendant and a witness testified that the agreement above referred to had been made. This was denied by the plaintiff and his witness. There was thus a conflict of testimony. We have carefully gone over the testimony and we think the court did not abuse its discretion in refusing to open the judgment. The credibility of the witnesses, the alleged lack of definiteness in the stories told by them, and the question of the weight of the evidence was for the judge: Schnebel v. Nelson, 238 Pa. 341. For obvious reasons the defendant should be required to sustain the position he takes clearly and with a preponderance of testimony. The right of the landlord to regain possession under the terms of the lease being established, it should not lightly be taken away.

Judgment affirmed.