## Royer, to use of Farmers' Bank of Mifflinburg, v. Voris et al.

*Judgments—Rule to open—Burden of proof—Requisites—Delay in presenting petition for rule to open—Bad bargain.*

1. Upon a rule to open judgment entered upon a judgment note, the court can only decree the opening of the judgment upon proof of fraud, accident or mistake, and the fraud must be proven clearly, precisely and indubitably. The fact that the party who gave a judgment note made a bad bargain is not sufficient to justify an opening of the judgment.

2. The burden of proof is upon a defendant who seeks to open a judgment against himself. Should the evidence of the parties be evenly balanced, the court would not be justified in disturbing the judgment.

3. The fact that the defendant delayed for approximately four months before asserting alleged legal rights to have the judgment opened, and then acted only when the plaintiff took steps to collect on it, will be considered by the court upon a rule to open.

Rule to open judgment. C. P. Union Co., Sept. T., 1920, No. 29.

*William \H. Hackenburg, A. A. Leiser* and *John A. Beard,* for plaintiffs.

*Frederic E. Bower* and *Arthur L. Swartz,* for defendants.

POTTER, P. J., Aug. 4, 1922.—From the files in this case we gather the following: That on April 26, 1920, the defendants executed and delivered to John M. Royer, the legal plaintiff, their judgment exemption note, under seal,

in the sum of $1667, payable ninety days after date, at The Farmers' Bank of Mifflinburg, Penna. Subsequently—the date of which is not given—the same was duly assigned to The Farmers' Bank of Mifflinburg, Penna., by the said John M. Royer.

That on July 7, 1920, the said note was entered of record in the Court of Common Pleas of Union County, as of No. 29, September Term, 1920, and that on the same day an exemplified record of the said judgment was taken out and entered of record in the Court of Common Pleas of Northumberland County, as of No. 253, September Term, 1920; the said defendants residing and owning real estate in that county.

That on Aug. 5, 1920, a rule was taken out by the said defendants to show cause why the judgment should not be opened and they let into a defence.

Answers were duly filed by both the legal and the use-plaintiffs, to which replication was filed. Voluminous testimony was taken by both the contending parties.

On April 17, 1922, the case was ably argued by counsel on both sides, and the matter is now before the court for disposition.

The proof offered by the defendants is, in substance, as follows: That one of the defendants, J. Harold Voris, bought from the plaintiff a Moline tractor and accessories to the value of $1667, and gave his judgment exemption note in payment therefor, his father, J. L. Voris, also signing the note as a partner; that the said J. Harold Voris had previously signed a contract for the purchase of the said tractor and accessories; that on the day of the signing of the said note, and before that time, something was wrong with the tractor; that any defects would be remedied by the vendor; that there was a sort of a grind or squeak about the machine; that he signed the note after noticing the defect; that he repeatedly sent word to Royer to come and fix the machine; that he would not have signed the note if Royer had not promised to correct the defects in the tractor; that he finally, on July 7, 1920, returned the machine and demanded the return of his note, but was refused it, he returning the machine to the vendor on its own power; that the order for the tractor was signed a week or ten days before the trial of the machine; that other people saw the machine work and heard the squeak.

Proof offered by the plaintiff was, in substance, as follows: That the tractor and accessories were sold to the defendants, they giving their note in payment therefor; that the plaintiff, Mr. Royer, operated the tractor in the fields of J. Harold Voris, and that it worked well, with no defects, and did all that could be expected of it; that other persons were also present and saw the machine work well; that defendant, J. Harold Voris, called on Royer several times, complaining of the working of the machine, to which calls he promptly responded, tried out the tractor and found no defects; that any defect in the working of the tractor was produced by the improper operation of it; that there was no grinding or squeaking of the machine when Royer operated it; that the order for this tractor was signed April 26, 1920, and the machine was returned to Mr. Royer on July 7, 1920; that during the time J. Harold Voris had this tractor in his possession he plowed with it approximately thirty-five acres of land or more.

The note on which this judgment was entered was given by J. Harold Voris and J. L. Voris to John M. Royer. Several collateral matters have been injected into the case by the able counsel for the defendants, but this contention, stripped of all superfluous matters, resolves itself down to but one question, which is, whether or not the judgment should be opened and the defendants let into a defence.

2 D. & C.

Royer, to use of Farmers' Bank of Mifflinburg, v. Voris et al.

We have nothing to do with the contract made between these parties. The contention is between the plaintiff and the defendants. We have nothing to do with the Moline Plow Company. Their contract is not in the case, is not sued upon, and we have nothing to do with the alleged agency of Mr. Royer, or whether or not the Moline Plow Company was registered in this State. Mr. Royer bought the tractors, then sold them where he could. Therefore, our consideration of this contention is confined to the parties as we find them on the note on which this judgment was entered and to the note itself.

Or, in other words, the Moline Plow Company is not a party to these proceedings in any respect. Royer testifies that he bought the machines, then sold them. In this proceeding it is no difference whether he bought them from the Moline Plow Company or from Adam. He bought them. They were his property. Then he sold them, and in such sale he was not acting as an agent for any one, and the note in question does not in any manner indicate that he was. He sold this machine to Voris just as a grocer sells to a customer a pound of crackers. This testimony by Royer is not in any manner contradicted; therefore, it must be taken as a verity.

Before taking up the legal end of the case, we cannot refrain from noting the length of time Voris held this machine in his possession, from April 26, 1920, to July 7, 1920, or about three months, and in that time he plowed approximately thirty-five acres of land or more. In this he was at fault. If his contention be true, that the machine became defective shortly after it was placed in his possession, he should have promptly returned it and demanded back his note, which, had the defects been properly proven to be as represented by him, he could have obtained by legal proceedings to that end.

But, strange to say, no steps were taken towards this end till Aug. 5, 1920, quite a length of time after the alleged defects were discovered, and about a month after the machine was returned to the vendor. These defendants moved very slowly in asserting their alleged rights, to say the least, in fact, too slowly to show consistency in maintaining their lawful dues, if any they have.

The laboring oar is in the hands of these defendants. Their testimony must overcome that of the plaintiff. Should the evidence of the parties be evenly balanced, we would not be justified in disturbing this judgment. In this proceeding the equitable functions of the court are to govern: Kline v. Fitzgerald Brothers, 267 Pa. 468.

To justify us in entering a decree that the judgment be opened, fraud, accident or mistake must be proven, and the fraud must be proven clearly, precisely and indubitably: Peoples Bank of California v. Stroud, 223 Pa. 33.

In this case there surely is no accident, neither is there any mistake, and we can see nothing in the testimony in any way indicating fraud. We have carefully gone over all the papers in this case, have scanned the depositions with a view of ascertaining whether or not there was any evidence of fraud, and we can find none. We might as well speak plainly and say this case, from all the testimony, seems to us to be a case where the purchaser rued the bargain, which is brought home to the court by the facts that the defendants bought the machine, and that, too, on a competitive trial of two others, expressed themselves as well pleased, kept it about three months, did nearly all their summer plowing with it, could not exhibit the alleged defect to the vendor when requested so to do, then returned it on its own power and took no steps to assert their alleged legal rights till approximately four months had elapsed, and then only when plaintiff took steps to collect their judgment, on which nothing had been paid.

Royer, to use of Farmers' Bank of Mifflinburg, v. Voris et al.

We want to compliment counsel for defendants on their lengthy and exhaustive briefs, but they have not convinced us that their legal attitude is the correct one.

And now, to wit, Aug. 4, 1922, the rule is discharged, at the costs of the defendants

And now, to wit, Aug. 4, 1922, an exception is noted for the defendants and a bill is sealed.

From Charles P. Ulrich, Selins Grove, Pa.