## Frazier v. Pursel et ux.

*Judgment—Opening judgment—Conflict of testimony—Fraud—Evidence —Burden of proof.*

1. Where an answer is filed to a petition to open a judgment denying the petitioner's allegations, the burden is on the petitioner to establish the averments of the petition.

2. If, in such case, the petitioner avers fraud, he must establish fraud by clear, precise and indubitable evidence.

3. It requires more than a conflict of evidence to open a judgment; the defendant must show a good defence by such a preponderance of testimony as will be of sufficient weight to sustain a verdict in his favor.

Rule to open judgment. C. P. Montour Co., Oct. T., 1923, No. 63.

*C. E. Kreisher,* for petitioners, the defendants.

*Ralph Kisner,* for respondent, the plaintiff.

POTTER, P. J., 17th judicial district, specially presiding, April 1, 1924.—We gather, in substance, the following facts from the pleadings and the testimony in this case:

That the plaintiff is a dealer in horses in Montour County and the defendants reside in Cooper Township, in said county; that on several occasions prior to April 6, 1923, Harvey M. Pursel, one of the defendants, called at the stables of the plaintiff with a view of purchasing a team of horses; that after bargaining back and forth with the plaintiff, on April 6, 1923, for at least two hours, and after examining the team, the said Pursel selected a team of sorrels for the price of $300, in payment of which he and his wife, Emma C. Pursel, the other defendant, gave to the plaintiff their judgment exemption note, under seal, dated April 6, 1923, payable in four months; that the horses were guaranteed to work double, and the plaintiff said that if they were not

right he would take the team back and give the said Pursel another team in place of this one; that the said Pursel took the team home, tried them out and was dissatisfied with them, and told the said Frazier that they were not satisfactory, and that soon thereafter he (Frazier) replaced the horse about which complaint was made with another one; that the said Pursel continued to enter complaint about the team, and on May 18th he went to the stables of the plaintiff and selected another horse to take the place of the one about which he had complained, and it was agreed that Frazier was to deliver this horse to Pursel on the following day, on May 19th.. However, on May 19th Pursel sent word to Frazier not to bring the horse, and on May 24th he returned the team to the stables of Frazier. There was testimony to the effect that Frazier told Pursel that he could have his pick of horses out of his stables in place of the team he had, and pay the difference in price, if he selected a higher priced team. Frazier swears he stands ready to this date to deliver a good team of the full worth of the $300 to Pursel in place of the team he returned, which Pursel refuses.

It seems as though Frazier was and is willing to do all he can to furnish to the defendant a team worth $300. We are very free to say that by going over the testimony in this case, it seems to us as though Pursel was at fault. He had selected another horse to be delivered to him on May 19th, and before the horse was delivered to him he sent word to Frazier not to bring him. To say the least about it, this looks as if Frazier was willing to do his part, but Pursel was not, and this impression crops out all through the testimony in the case.

At all events, this note was discounted at the bank, and when it fell due, Frazier was obliged to make it good with the bank. It was then entered, execution was issued and the sheriff made a levy. The petition for the rule to open the judgment was then presented and the rule was granted.

It must be borne in mind that when this note was given for this team, the team was paid for. The sale was wiped out and a new obligation arose, which was the collection of the note.

Want of consideration is set up as one of the grounds for opening the judgment, but we fail to see how this can prevail. The team was presumably worth the purchase price. Pursel had seen and examined the team at other times before the day he bought them, and on April 6, 1923, the day he bought them, he was in the stable two hours, according to his own testimony, examining them and testing them out. He was apparently satisfied with them or he would not have taken them and paid for them by giving his note for $300 in payment of them. He must have felt sure he was getting the worth of his money. How, then, can he set up want of consideration?

We fail to see any accident, fraud or mistake in the whole transaction. Nothing was concealed from the purchaser. He says so himself. He had the right to test out this team any way he saw fit. If he failed to do so, it is his own fault, and he bought them at his own risk.

On an application to open a judgment, the equitable side of the court is invoked and the judge sits as a chancellor: Kelber v. Pittsburgh N. Plow Co., 146 Pa. 485.

Where an answer is filed to the petition to open a judgment denying the petitioner's allegations, the burden is on the petitioner to establish the averments of the petition: Mutual Stock Food Co. v. Stander, 3 D. & C. 852.

So far as the vital questions in this case are concerned, we have only the testimony of Pursel and Frazier contradicting each other. This is not enough. The burden is on Pursel to establish the facts he relies on by his own testi-

### Frazier v. Pursel et ux.

mony and at least one witness, or circumstances corroborating his testimony. This he has failed to do: Groninger v. Acker, 32 Pa. Superior Ct. 124; Jenkintown National Bank v. Fulmor, 124 Pa. 337.

A judgment by confession will not be opened unless fraud, accident or mistake is shown: Woodring v. Woodring, 1 Dist. R. 739. And we might add that a judgment will not be opened unless the evidence of fraud be clear, precise and indubitable: People's Bank of California v. Stroud, 223 Pa. 33..

It requires more than a conflict of evidence to open a judgment. The defendant must show a good defence by such a preponderance of testimony as would be of sufficient weight to sustain a verdict in his favor: Schnebel v. Nelson, 238 Pa. 341.

We might cite many more cases in support of our opinion as herein expressed, but we deem further discussion unnecessary. The petitioner has fallen far short of producing the proof required of him, and the rule must be discharged.

And now, to wit, April 1, 1924, for the reasons herein given, the rule is discharged and the writ of execution is reinstated with the same force and effect as if it had not been stayed. An exception is noted for the petitioner and a bill is sealed.

From R. S. Hemingway, Bloomsburg, Pa.