### Exchange Bank & Trust Company, Trustee, *v.* Bartley et al., Appellants.

Argued September 26, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Q. D. Hastings,* for appellants.

*T. A. Sampson,* with him *Stranahan & Sampson,* for appellee.

OPINION BY MR. JUSTICE HUGHES, NOVEMBER 27, 1944:

The appellants petitioned to open a judgment confessed on a mortgage bond. The mortgaged premises were owned by Ruth Hoefner Bartley, subject to the curtesy interest of her father, J. Henry Hoefner, in one-half thereof. Ruth Hoefner Bartley acquired one-half of the property by descent from her mother, subject to her father's curtesy interest, and the other half was devised to her by her uncle, Milo L. McMurray. McMurray died on September 11, 1921, but prior to his death, on March 12, 1920, the Franklin Trust Company confessed judgment on a note of $10,000.00 and entered it against him in the Common Pleas Court of Mercer County, which note was a lien on the property involved herein. On March 23, 1925, the unpaid balance of the judgment was $8,280.00 and on that date Ruth Hoefner Bartley and E. Doral Bartley, her husband, joined with J. Henry Hoefner in a mortgage to the Franklin Trust Company for a like amount and the judgment was satisfied. The mortgagors paid the interest and $780.00 of the principal until January 14, 1939. On June 13, 1943, the Exchange Bank and Trust Company, Successor Trustee for the Franklin Trust Company Mortgage Pool, in which the mortgage had been placed, confessed judgment on the mortgage bond and caused execution to issue. On August 13, 1943, the mortgagors petitioned to open the judgment, urging two principal contentions (1) that the mortgagee falsely represented that it held a previous existing mortgage from McMurray and (2) McMurray

owed the bank only $10,000.00 represented by a collateral note, and not, as the bank claimed, $10,000.000 on the collateral note of December 11, 1920, and $10,000.00 upon a judgment on a note dated March 12, 1920, which had been entered in the Common Pleas Court of Mercer County against the property in question.

The appellants contend that the record will disclose the mortgage and bond given by them were obtained by fraud and the judgment should be opened. The record discloses that in 1916 Milo L. McMurray owed the Franklin Trust Company $17,831.95, which was secured by collateral, and a note for $5,000.00 entered as a judgment in Mercer County; that the principal debt gradually rose until March 11, 1920, when it stood at $18,-179.00. On that date the records of the bank disclose that the bank took two notes, one for $8,179.00 secured by collateral alone, and canceled the $5,000.00 judgment. For the remaining $10,000.00 the bank took a judgment note for that amount and entered it as a judgment in Mercer County. By December 11, 1920, the debt on the collateral note had increased to $10,000.00, so that on that date the total debt of Milo L. McMurray to the bank was $20,000.00. On May 31, 1922, the collateral held by the bank was sold and with the proceeds the $10,000.00 note secured by the collateral was paid, as well as accrued interest and another small note, and the judgment debt was reduced to $7,147.00. By March 23, 1925, that debt had increased to $8,280.00, and the appellant Hoefner claims an officer of the bank told him that the bank held a mortgage and could sell the farm, and claims that that was the fraudulent inducement which brought about the making of the mortgage by the appellants. The learned court below properly concludes: "We think his evident purpose in executing the mortgage was to avoid sale of the land, irrespective of the particular basis for a writ of execution. Furthermore, it may not have been a matter of indifference to Hoefner that McMurray had devised to his daughter the land proposed to be sold.

Similarly with respect to Ruth Hoefner Bartley. Whether it would be advantageous for her to incumber the undivided one-half originally owned by her, in order to relieve the one-half devised to her from liability to sale, was for her decision. Unless, therefore, the bank fraudulently represented the amount due it from McMurray, satisfaction by the bank of the judgment against McMurray at No. 398 January Term, 1920, was a sufficient consideration to J. Henry Hoefner and to Ruth Hoefner Bartley for their execution of a mortgage upon the entire premises for the unpaid balance of the judgment."

The bank records fully support the transactions which McMurray had with the bank and which have already been outlined, even the interest payments indicating that the total debt owed by McMurray was as contended by the bank.

To support their contention of fraud, the appellants offer a letter written by McMurray to J. Henry Hoefner on September 10, 1921, which was about eighteen months after the note dated March 11, 1920, was given, which letter, they contend, shows McMurray indicated he only owed $10,000.00 to the bank. They claim the letter admissible as part of the res gestæ. The rule admitting declarations as part of the res gestæ requires that they be made under such circumstances as will raise the reasonable presumption that they are the spontaneous utterances of thoughts created by, or springing out of, the transaction itself, and so soon thereafter as to exclude the presumption that they are the result of premeditation or design: *Eby v. The Travelers Insurance Company*, 258 Pa. 525, 102 A. 209. In no respect does the letter here in question qualify for admission under that rule, for the transaction it referred to had long before been completed. For the appellants to succeed in opening the judgment on the ground of fraud, they must sustain their position by evidence that is clear, precise and indubitable, for only such evidence can be allowed to overturn a written instrument: *People's Bank of Cali-*

*fornia v. Stroud,* 223 Pa. 33, 35, 72 A. 341; *Spritzer v. Pennsylvania Railroad Company,* 226 Pa. 166, 75 A. 256; *Reidlinger et al. v. Cameron,* 287 Pa. 24, 27, 134 A. 418. This the appellants have failed to do.

Judgment affirmed.