Nissenbaum, Appellant, *v.* Farley, Appellant.

258

Argued November 9, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*M. E. Maurer* and *Irving J. Katz,* for plaintiff, appellant.

*Maxwell Pestcoe,* with him *Benjamin L. Long,* for defendant, appellant.

OPINION BY MR. JUSTICE CHIDSEY, January 3, 1955:

These are appeals from two orders of the Court of Common Pleas of Philadelphia County making abso‧ lute defendant's rule to open a judgment with the is‧ sue limited to ascertainment of the proper amount thereof, and discharging plaintiff's rule to allow exe‧ cution on so much of the judgment allegedly admitted to be due.

On September 17, 1952, a chattel mortgage, post‧ dated to September 22, 1952, covering certain grocery store equipment and fixtures was executed by the de‧ fendant, Andrew Farley, as mortgagor in favor of the plaintiff, Samuel C. Nissenbaum, trading as American Discount Company, as mortgagee. The bond accom‧ panying the mortgage contained the customary clause that the unpaid balance of the purchase price would become due upon any default in the payment of prin‧ cipal or interest. Contemporaneous with this trans‧ action the plaintiff signed and delivered to the defend‧ ant two letters in which he obligated himself to clean and test this equipment and also replace any missing items. The mortgage was postdated because the de‧ fendant had entered into articles of agreement to buy the premises where the equipment and fixtures were located, sometime prior to September 17, 1952 and set‧ tlement was not to be made until September 22, 1952.

Defendant having defaulted on the initial payment, the plaintiff on October 28, 1952 entered judgment by confession pursuant to a warrant of attorney contained in the bond. After execution issued but prior to the sheriff's sale, the defendant presented a petition to open the judgment. The court issued a rule to show cause why the judgment should not be opened and de‧ fendant let into a defense, and stayed the proceedings. Depositions were taken by both parties and subse‧

quently the chancellor filed an opinion in which he sustained the validity of the judgment but nevertheless opened it for the limited purpose of determining damages on the ground that there appeared to be a mutual mistake in the preparation of the bond and mortgage with respect to the purchase price. Shortly thereafter the plaintiff filed a petition for a rule to show cause why execution should not issue in the sum of $4,500 since defendant admitted that this amount was due. This rule was discharged on the ground that the order opening the judgment did not foreclose the question of the face amount of the judgment. From the orders thereupon entered both parties have appealed.

Plaintiff (appellant in Appeals No. 176, 177) urges that the court below erred in opening the judgment for the purpose of ascertaining damages on the ground of mutual mistake and secondly that, in any event, it was error not to permit the plaintiff to proceed with execution on the amount of the judgment admitted to be due. In his petition to open the judgment defendant averred that the plaintiff undertook to sell the equipment for $4,500 with interest for five years. The plaintiff answered denying that there was any interest charge for five years or any other period, since no loan was made to the defendant. The chattel mortgage which was appended to the answer sets forth the price of the equipment as $5,673, payable in 56 monthly installments of $100 each and a final installment of $73. The bond states that the principal sum is $5,673 together with interest thereon, payable $25 weekly at the rate of 6 per cent. per annum. In his deposition the plaintiff testified: "I told him [the defendant] that if he wanted to pay cash for it that it would be $4,925 but he said he wanted to pay for it over a period of five years and with interest it would be $5,673." De-

fendant, on the other hand, testified that the principal amount was $4,500.

In its opinion the court below said: ". . . there is not only a serious conflict between plaintiff's and defendant's testimony and pleadings as to the principal sum and interest, but, also, there is an express contradiction between two statements of the plaintiff given under oath.". The court therefore concluded that in the light of the record before it, the correct amount of the judgment could not be determined. Plaintiff argues that there was no real or apparent conflict between his answer and his testimony regarding the question of interest since he was using the term differently in each instance. He asserts that in his answer he employed the word "interest" in a strict sense as it would apply to a loan, whereas in testifying he was using the expression colloquially to denote the carrying charges incident to installment purchases.

Ostensibly the term "interest" is susceptible of the two different interpretations contended for by the plaintiff but the chancellor was not bound to accredit the plaintiff's explanation. Apart from any conflict in plaintiff's statements under oath the chancellor's conclusion of a possible mutual mistake as to the price could be substantiated on the record by the documentary evidence. The bond expressly recites that it is conditioned on the obligor paying $5,673, together with interest at the rate of six per cent. per annum, whereas the chattel mortgage is silent as to interest over and above this amount. Under these circumstances there was clearly no abuse of discretion by the chancellor for the defendant appeared to have a meritorious defense to at least a portion of the judgment. If in fact there was a meeting of the minds on this essential term of the contract, the plaintiff will be afforded ample opportunity in the subsequent proceedings to

clarify the apparent inconsistencies. A petition to open judgment being equitable in nature, the chancellor must administer relief as reason and conscience demand and if on the pleadings and proof doubt exists as to the real justice and equity of the case, the court below will not be reversed on appeal: *Commonwealth ex rel. Chidsey v. Keystone Mutual Casualty Company et al.*, 373 Pa. 105, 95 A. 2d 664.

However, we cannot agree with the court below on the extent to which the judgment should have been opened. The defendant admitted in his petition to open the judgment and in his testimony that the basic consideration for the sale was $4,500. He also admits this fact in his brief where he states: ". . . There is no denial in the record that this was not a transaction involving $4,500." and again ". . . the decision is inconsistent with the undenied fact with respect to the $4,500 for, if the judgment is valid, it should be valid for $4,500.". Since the court decided that in a subsequent proceeding the validity of the judgment would not be at issue, it was clearly error to refuse execution on the undisputed amount. If a petition asserts a defense to only a portion of the judgment debt, the judgment should be opened only to the extent necessary to protect defendant on his claim and should be continued in full force and effect as to the balance: *Gettier v. Friday*, 375 Pa. 206, 209, 99 A. 2d 899. And see *Keystone Bank of Spangler v. Booth*, 334 Pa. 545, 6 A. 2d 417.

There remains for consideration the contention of defendant (appellant in Appeal No. 191) that the judgment should have been opened generally without limitation of the issue to a determination of the amount of the purchase price. The pith of defendant's argument is fraud in the inducement, namely, that he signed the mortgage upon the faith of representations made by

the plaintiff which were never fulfilled. He alleged in his petition that the plaintiff fraudulently represented that before delivery of possession the fixtures and equipment would be cleaned and tested and that the plaintiff failed to do this. Plaintiff filed a responsive answer to the petition in which he averred that the fixtures were tested and found to be in good condition. To support his allegations defendant relied on the two letters previously alluded to and his own testimony that the plaintiff gave him verbal assurances that the deal could be rescinded if the equipment was not cleaned or tested, and that it was not cleaned or tested before he took possession or at least to his knowledge it was not cleaned. The countervailing evidence was plaintiff's testimony that there never were any discussions regarding a rescission, that he engaged a service contractor named Salkin to clean and test the equipment on September 29th after several unsuccessful attempts to arrange an earlier meeting for this purpose between Salkin and defendant, and that he paid a bill in the sum of $28.50 for the work. In his deposition Mr. Salkin testified that he and one of his employes were admitted to the premises by the defendant on September 29th, that the employe remained in the store for five or six hours to clean the equipment, that they ". . . tested slicer, scales—balance all right, electric in case worked right, checked lights, freezer, walk in box functions, . . .", that all the equipment was ". . . in proper working condition." and that he billed the plaintiff for $28.50.

Where one seeks to open a judgment by confession on the ground of fraud, he must prove it by clear, precise and indubitable evidence: See *Exchange Bank & Trust Company, Trustee v. Bartley et al.*, 350 Pa. 585, 39 A. 2d 833. Defendant's proofs clearly did not meet this required standard. The conflicting evidence

fully justified the court's rejection of this contention. Moreover, the statement relied on was merely promissory in nature. The defense of fraud cannot be availed of where, as here, the statement relied on is merely promissory in nature. In order for a purchaser to evade an obligation on the ground that he was induced by fraud or misrepresentation to enter into a contract, it must be shown that there was a misrepresentation of a past or existing material fact. This Court said in *Sellers v. Sellers et al.*, 316 Pa. 404, 175 A. 401, at p. 407: " '. . . Mere promises to do something made at the time of executing a contract, and not statements of existing facts which are untrue, do not in themselves constitute fraud, though they are not subsequently complied with.' . . .". See also *Blose v. Martens*, 173 Pa. Superior Ct. 122, 123, 95 A. 2d 340.

The order discharging plaintiff's rule to allow execution to issue on the sum of $4,500 is reversed and the rule is made absolute. The order making absolute defendant's rule to open is affirmed for further proceedings in accordance with this opinion, costs to abide the event.