## Jefferies v. Tucker

*Robert C. Duffy*, for plaintiff.

*Witkin & Egan*, for defendants.

HAGAN, J., July 6, 1956.—This matter is before the court on defendants' preliminary objections to plaintiff's complaint in equity.

The complaint avers substantially as follows: In 1921, plaintiff, Thomas W. Jefferies, and defendant, Celia L. Jefferies, entered into an oral agreement of partnership under which the partners were to split the profits and losses and, in effect, were to make equal capital contributions. In pursuance of that oral agreement, plaintiff worked diligently and performed his part of the agreement. Defendant, who did the office work, never accounted fully to plaintiff, who did the

outside work, for the earnings of the partnership; and she allowed plaintiff only a modest drawing account. Complete information with respect to the profits of the corporation has been withheld by defendant, although plaintiff has persistently requested that he be advised thereof. Defendant has improperly withdrawn money and appropriated it for herself. No settlement of the partnership accounts has ever been made, although plaintiff has repeatedly requested one. Defendant has refused to let plaintiff see the records and has refused to account. In 1950, defendant "fraudulently induced" plaintiff to sign a partnership agreement setting forth the prior oral agreement. This written agreement was executed upon defendant's promise to adjust the capital accounts of the parties and to give a full accounting. Defendant has not abided by the terms of the 1950 agreement. Defendant died subsequent to the filing of the complaint, and she is represented on the record by her personal representatives.

The prayer of the complaint is: (1) That the 1950 written partnership agreement be declared null and void for the failure of defendant to perform her undertaking and assurances made at the time of its execution; and (2) for an accounting of moneys received by defendant "as aforesaid".

With respect to the prayer that the 1950 written partnership agreement be set aside, the complaint is clearly demurrable in that:

(1) The alleged oral agreement that the partners would adjust their capital accounts is contrary to the provisions of the written agreement, which discloses that the entire capital was contributed by, and belonged to, defendant. It is well settled that the terms of a written agreement cannot be altered or contradicted by an alleged prior or contemporaneous oral agreement in the absence of fraud, accident or mistake: Gianni v. Russell & Co., Inc., 281 Pa. 320; Lefko-

witz v. Hummel Furniture Co., 385 Pa. 244. Therefore, the 1950 written partnership agreement must be held valid, unless plaintiff has properly pleaded that the agreement was induced by fraud, accident or mistake.

(2) It is also well established that the type of fraud which is necessary to set aside a written agreement is a misrepresentation of a past or existing material fact. Mere promises to do something made at the time of executing the contract, which are subsequently not performed, do not in themselves constitute fraud: Nissenbaum v. Farley, 380 Pa. 257; Blose v. Martens, 173 Pa. Superior Ct. 122. It is clear from paragraph 5 of the complaint and paragraph (c) of the prayer of the complaint, that the alleged fraud which plaintiff asserts, as the basis for setting aside the 1950 written agreement, was not the misrepresentation of a past or existing fact, but rather was the subsequent failure to comply with the alleged oral promise to adjust the capital accounts of the partners. It is clear, therefore, that plaintiff has not pleaded a sufficient basis for setting aside the 1950 written partnership agreement.

Deciding, as we do, that the 1950 written agreement is valid, the only prayer for relief which remains in plaintiff's case is that requesting an accounting. The 1950 agreement, however, specifically provides:

"Should any question arise in the conduct of the partnership and disagreement occur, either during the term of this agreement or any renewal thereof, or should any dispute arise between the partners or personal representatives of either of them with the surviving partner, such disagreement or dispute shall be settled by arbitration pursuant to the Arbitration Act of 1927, as amended."

Section 2 of the Arbitration Act of April 25, 1927, P. L. 381, as amended by the Act of June 21, 1935, P. L. 400, 5 PS §162, provides:

"If any suit or proceeding be brought upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall, on application of one of the parties made before the suit or proceeding is at issue, stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

Defendants' preliminary objections refer to the arbitration clause in the 1950 agreement and request that the matter be referred to arbitration in accordance with the Arbitration Act of 1927. The court is satisfied that the issue involved in the present proceeding is referable to arbitration under the written agreement of December 15, 1950.

Therefore, defendants' preliminary objections are sustained and the trial of this action is stayed until plaintiff has proceeded to arbitration in accordance with the terms of the written agreement of December 15, 1950.

### Final Order

Defendants' preliminary objections are sustained and the trial of this action is stayed until plaintiff has proceeded to arbitration in accordance with the terms of the written agreement of December 15, 1950.