## Adasiak v. Cyback

*Frank S. Kelker,* for plaintiff.
*Robert W. Lewis,* for Edith Lewis.
*William J. Tarter,* for Borough of Ambridge.
*Michael Hoover,* for Janice Elaine Cyback.

KUNSELMAN, *J.*, August 2, 1982—On June 4, 1982, plaintiff filed her complaint in equity and a petition for preliminary injunction. Plaintiff is the owner of Lot No. 903 in the Ambridge Land Company's Plan of Ambridge, situate in the Borough of Ambridge, Beaver County, Pa. This lot fronts on Merchant Street and was purchased in 1944. At the time of its purchase, the lot had erected thereon a one story structure. Subsequent to its purchase, plaintiff caused to be erected a second story which has been used for her living quarters for more than 21 years. The second story has had windows which provided light, air and view from its southerly side which light, air and view have been unobstructed for a period in excess of 21 years.

Defendant, Edith E. Lewis, is the owner of Lot No. 903 in the same plan which lot is contiguous to planitiff's lot and lying immediately to the North. Until recently, Lot No. 902 has had a one story structure erected thereon. On January 7, 1982, this one story structure was substantially damaged by fire. While not completely destroyed, the damage was so extensive that for purposes of this adjudication, it will be treated as a total loss.

The Borough of Ambridge enacted its zoning ordinance No. 648 in 1955. Both properties are situated within the commercial district established by the zoning ordinance. Plaintiff's two story structure and the one story structure owned by Edith E. Lewis pre-existed the zoning ordinance.

On April 7, 1982, defendant, Edith E. Lewis, executed an agreement giving defendant, Janice Elaine Cybak, an option to purchase Lot No. 902. The agreement provided for a purchase price of $18,000, $2,000 of which was paid at the time the option agreement was signed. As part of the consideration, defendant, Cyback, was required to repair

the fire damage to the roof and supports and install a new roof of the same quality by June 1, 1982. While the option was irrevocable until September 30, 1982, the new roof had to be installed by June 1, 1982 or the option would be void. The deadline for installing the new roof was subsequently extended to June 15, 1982.

On April 28, 1982, defendant, Janice E. Cyback, applied for a building Permit to the Borough of Ambridge. The application indicated that it was for the purpose of correcting fire damage and indicated the proposed use to be a storeroom occupancy. The application also contained the following information.

"J. DIMENSIONS
48. NUMBER OF STORIES*.....................2?
49. TOTAL SQUARE FEET OF FLOOR AREA, ALL FLOORS, BASED ON EXTERIOR DIMENSIONS ............... 1800 First Floor
50. TOTAL LAND AREA, SQ. FT......... 2200

*Second floor being added and front being replaced—tile to brick. Interior of second floor not to be completed at this time to permit a decision as whether one apt. or offices will be added. Second floor to measure 22 x 50 (Length)."

In the section for residential buildings only, in answer to a question relating to the number of bedrooms in a residential building, the applicant inserted, "See previous note". The application had attached thereto, sketches which indicate that Lot 903 fronts on Merchant Street 22 feet and extends back therefrom of equal width throughout a distance of 100 feet to a 20 foot alley. The sketches also indicate that the first floor of the structure would extend for the entire width of the lot and would front on Merchant Street and extend back a distance of 90 feet toward the 20 foot alley. The sketch-

es also indicated that the second story would also extend for the entire width of the lot and extend from Merchant Street 50 feet toward the rear. The application was approved by James W. Baker, Jr., the Borough Engineer, and a building permit issued on April 29, 1982.

Following the issuance of the building permit, defendant, Cyback, caused construction to commence. During the course of construction, a concrete block wall was erected through the height of the second story, and on May 20, 1982, plaintiff became aware that her windows would be blocked off by the wall which is less than six inches from plaintiff's windows.

Plaintiff consulted Attorney Raymond Cromer of Pittsburgh who wrote a letter to the Borough Engineer which was received by him on or about May 27, 1982. The last paragraph of this letter provides as follows:

"In the event you disagree with my interpretations of the Ordinance and should you decide not to revoke the building permit, please advise me immediately and please enter my appeal to the Board of Adjustment of Ambridge Borough from your decision and from your decision to issue the building permit."

The borough engineer did not revoke the building permit but did refer the letter to the borough manager who reviewed the letter with the borough engineer but did not respond to the letter in any way. While the borough manager would have ordinarily referred a request for appeal to the board of adjustment, he did not refer Mr. Cromer's letter to the board of adjustment. As a result, plaintiff was not afforded an administrative hearing to contest the issuance of the building permit to Ms. Cyback and the within action was filed by plaintiff seeking to enjoin

defendants, Lewis and Cybak, from depriving her of light, air and view and to require them to remove that portion of the structure which deprives plaintiff of an easement for light, air and view. Plaintiff further requests the court to direct the Borough of Ambridge to rescind the building permit and enjoin the borough from issuing a permit until all terms and conditions of the zoning ordinance have been complied with.

## STATEMENT OF THE ISSUES

1.  Can an adjoining land owner acquire an easement by prescription to light, air and view and protect such easement by requiring removal of a wall erected on other adjoining land?

2.  Was the building permit issued to defendant, Cyback, subject to being revoked as issued contrary to various provisions of the zoning ordinance?

## DISCUSSION

Plaintiff's evidence established that she never acquired by grant an easement for light, air and view for her second story residence. To the contrary, her evidence established that she had unobstructed light, air and view for a period far in excess of 21 years. She therefore argues, that she acquired an easement to light, air and view by prescription. However, such an easement cannot be acquired by prescription. See Maioriello v. Arlotta, 364 Pa. 557, 73 A.2d 374 (1950). This is so, even though the offending structure might serve no useful purpose and might have been erected solely to annoy the plaintiff, (of which there was no evidence in this case). Cohen v. Perrino, 355 Pa. 455, 50 A.2d 348 (1947).

Consequently, as between plaintiff and the individual defendants, plaintiff's complaint must be dismissed.

Plaintiff also argues that the building permit was issued in violation of various provisions of the borough's zoning ordinance, and consequently, is illegal and should be revoked. If so, the permit could be revoked notwithstanding defendant, Cyback, has made expenditures in reliance thereon.

"A Municipal Permit issued illegally or in violation of the law, or under a mistake of fact, confers no vested right or privilege on the person to whom the Permit has been issued and may be revoked, notwithstanding that he may have acted upon the Permit; any expenditures made in reliance upon such Permit are made at his peril". Vogt v. Port Vue Borough, 170 Pa. Super. 526, 528, 85 A.2d 688 (1952).

"Equity has jurisdiction to enjoin construction which violates a zoning ordinance." See Upper Moreland Township v. Meade, 420 Pa. 613, 218 A.2d 271 (1966).

Plaintiff argues that the building being reconstructed violates the zoning ordinance in two principal respects. First, plaintiff points to section 1015 of the ordinance which deals with the reconstruction of a non-conforming building destroyed by fire. That section permits such a building to be rebuilt and used for the same purpose provided that, the reconstructed building does not exceed in height, area, and volume the building destroyed. Plaintiff, therefore, argues that by adding a second story to the adjoining structure, defendants are violating this section of the ordinance. However, this argument presupposes that the building which was destroyed by fire was a non-conforming building and the evidence is to the contrary. The evidence indicates that prior to the fire, a real estate office and a

Western Union Office were located in the structure. These are permitted uses in the commercial district.

Plaintiff also points to the notation on the application for the building permit which indicates that the interior of the second floor is not to be completed at this time in order to permit a decision as to whether an apartment or offices will be located therein. Plaintiff then argues that the location of an apartment would constitute a residential use which is permitted in a commercial district, "in which case regulations and restrictions as set forth in Article IV hereof, shall apply." (Article V, Section 501 (1) Ordinance No. 648). Plaintiff then argues that several sections of Article IV which regulate residential uses are being violated.

She first argues that section 402 requires a lot area of 3,000 square feet per family and that since the lot in question contains only 2,200 square feet, this section is being violated. However, a reading of section 402 discloses that 3,000 square feet per family is to be provided for every building used in whole or in part as a single-family detached and/or semi-detached dwelling. In this case, the court finds that the structure in question including the second story cannot be considered a single-family detached or a semi-detached dwelling. Consequently defendants are not violating this section.

If defendants use the structure for residential purposes, then section 406 provides that:

"The building area shall not exceed fifty percentum of the lot area."

In this case, the building area is 90 feet x 22 feet or 1,980 square feet which far exceeds 50 percent of the lot area. Consequently, this section is being violated.

Section 407 requires a front yard depth of at least 20 feet. Section 408 requires, in the case of a build-

ing other than a single family dwelling or a single family semi-detached dwelling, two side yards, one on each side of the building, neither of which are to be less than 12 feet and section 409 requires a rear yard, the depth of which shall be at least 15 feet. In this case, there is no front yard since the building extends to Merchant Street; there are no sideyards since the width of the building extends for the entire width of the lot; and the rear yard is limited to ten feet.

Since the zoning ordinance authorizes a use permitted in a residential district but provides that: "In which case regulations and restrictions as set forth in Article IV hereof shall apply", the court concludes that if the second story of the defendants' building is used as an apartment, then sections 406, 407, 408 and 409 will be violated. However, if the second story is used for offices, then defendants will not violate any provision of the zoning ordinance.

In view of the foregoing, the court concludes that the building permit should be revoked only insofar as it permits the construction of the second story to accommodate an apartment. In reaching this conclusion, the Court is guided by the rationale contained in the following Appellate cases: Meyers v. Board of Adjustment, 410 Pa. 201, 188 A.2d 730 (1963), Anderle Appeal, 350 Pa. 585, 39 A.2d 833 (1944), and Al Monzo Construction Company, Inc. v. Monroeville Borough, 5 Commw. 97, 289 A.2d 496 (1972).

## CONCLUSIONS OF LAW

1. Plaintiff did not acquire a prescriptive easement to light, air and view.

2. Construction of the second story on defendants' property for apartment purposes subjects it to the regulations and restrictions applicable to the

residential district under the borough's zoning ordinance.

3. Such construction constitutes a violation of Sections 406, 407, 408 and 409 of Ordinance No. 648.

4. Plaintiff was effectively denied her right to appeal to the board of adjustment and therefore, has no adequate remedy at law.

5. Equity has jurisdiction.

## DECREE NISI

And now, this August 2, 1982, for the reasons set forth in the foregoing adjudication, defendant, Borough of Ambridge, by and through its proper officers, is directed to rescind the building permit issued to defendant, Janice Elaine Cyback, only insofar as it permits her to construct an apartment on the second floor of the structure. In all other respects, plaintiff's complaint is dismissed and costs to be placed upon the Borough of Ambridge.

The prothonotary is directed to give notice of this adjudication and decree nisi to counsel for all parties and if no exceptions are filed within ten days after notice of the filing of this adjudication, the decree nisi shall be entered by the prothonotary on praecipe as the final decree.