**WHITE & YARBOROUGH,**
Appellant,

v.

**Lucius L. DAILEY, Appellee.**

**No. 15675.**

United States Court of Appeals
Fifth Circuit.

Dec. 21, 1955.

Donald V. Yarborough, Dallas, Tex., White & Yarborough, Dallas, Tex., for appellant.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

PER CURIAM.

This is an appeal by the attorneys for plaintiff-appellee from that part of an agreed judgment for $6000 entered in a Texas workmen's compensation suit [1]

---

1. Lucius L. Dailey v. United States Casualty Co., No. 5863 Civil, United States District Court for the Northern District of Texas.

which awarded appellant, as plaintiff's attorneys, a fee of $1000, or one-sixth thereof, instead of $2000, or one-third thereof, the amount plaintiff had agreed with his counsel that they should receive. While, therefore, the plaintiff is named as appellee, and the appeal, if successful, will reduce the $5000 awarded to plaintiff in the judgment to $4000, the appeal does not represent an effort by appellant to obtain a fee greater than plaintiff had agreed was just, but an effort to have the judgment reformed so as to give effect to plaintiff's agreement.

No brief has been filed and no appearance has been made by plaintiff-appellee, and, in presenting the case by brief and argument, counsel have made it clear that their appeal is designed not to defeat but to carry out and give effect to their client's wishes as expressed in the agreement with them for a fee and in his testimony in the record with respect to it. This was in substance that his attorneys had done a great deal of work in the case, that he felt that they had rendered him very valuable services, that he had contracted and agreed to pay the attorneys one-third of the recovery, and that he wished the court to approve that contract. In short, the purpose of this appeal and the effect of it, if successful, will be to correct what the counsel claim was an abuse of discretion on the part of the court in fixing their fee under the provisions of Sec. 7d of Art. 8306, R.C.S. of Texas, Vernon's Ann.Civ.St. art. 8306, § 7d. This statute, after providing in substance that attorneys may contract with their clients for an attorneys' fee not to exceed one-third of the amount recovered, provides that the fee for the services so rendered is to be fixed and allowed by the trial court.

Pointing to the provision of the statute that in fixing and allowing such attorneys' fees the court must take into consideration the benefit accruing to the beneficiary, appellant insists: that upon the plaintiff's evidence, which was the only testimony in the case, the court committed error in refusing to approve the contract; and that appellant is entitled to have the judgment reformed to reduce the plaintiff's recovery by $1000 and to increase its by the same amount.

We do not thinks so. This is not to say, though no case so holding has been cited to us, that a record could not be made and a case presented on appeal in which the action of the district judge in fixing a fee in a compensation case may be attacked as an abuse of discretion. We do not determine that question here. It is to say, though, that this is not such a case. It is not such a case, first, because the appeal sought to be taken is from an agreed judgment,[2] the benefits of which have been accepted.[3] "The reason for this rule is that a party cannot proceed to enforce and have the benefit of such portions of a judgment as are in his favor and appeal from those against him. In other words, the right to proceed on a judgment and enjoy its fruits and the right to appeal therefrom are totally inconsistent positions and the election to pursue one course must be deemed an abandonment of the other." Appeals, in short, can be taken only where a judgment has been entered adversely to the parties seeking to appeal and where the record shows timely and adequate objection made thereto. Appeals cannot be taken from agreed judgments such as this one was, and, for that reason alone, the appeal fails. In addition, assuming that an agreed order such as this one can ever be made the subject of an appeal, there is no basis whatever in the record for the claim that the judge abused his discretion. All that appears is that the plaintiff was satisfied with the contracted fee and that he wanted the contract approved. It was to assure that contracts for fees in these cases should be only tentative and without binding force, and that they should not be approved merely because agreed to, that

2. 2 Am.Jur., "Appeal and Error" Secs. 211 and 213.

3. 2 Am.Jur., "Appeal and Error" Sec. 214 and cases cited.

the fixing of fees was left to the judge whose duty under the statute is not to approve or disapprove the contract but to fix and allow the fee. The appeal is

Dismissed.