Sterling Electric & Furniture Co., Appellant, *v.* Peterson.

Argued November 20, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Malcolm H. Waldron, Jr.,* with him *Waldron and Weitzman,* for appellant.

*Hardy Williams,* for appellees.

OPINION BY MR. JUSTICE MUSMANNO, January 8, 1963:

Some time in the early part of the year 1957 the Sterling Electric & Furniture Co. entered into an oral agreement with Franklin Peterson and his wife, to supply them with wall-to-wall carpeting for their house, install spiral French windows, and do certain repair work including new spouting. In addition to the physical materials and work needed for their domicile, it appeared that the Peterson's financial house was in bad shape, requiring extensive shoring up and straightening out in the way of paying off pressing outstanding debts. Sterling agreed to pay off these debts for the Petersons, the amounts involved to be added to the cost of the installations and repairs to be done to the house.

A judgment note was signed to pay Sterling for its work and make recompense for the debts it undertook to liquidate. On March 14, 1957, Sterling confessed judgment on this note in the amount of $6650 to which was added interest, making a total of $7,477.48. On April 26, 1960, the Petersons filed a petition to open judgment, alleging that the note which they had given to Sterling carried no stated amount because it was specifically understood that the correct sum was to be

inserted by Sterling after the total had been ascertained. The Petersons averred that Sterling fraudulently determined the total indebtedness to amount to $6650, whereas in fact it was only $2832.25, plus a nominal finance charge.

Sterling answered, depositions were taken, and eventually the Court of Common Pleas No. 6 of Philadelphia County opened up the judgment. Sterling appealed.

The person who claims that he signed a blank judgment note must climb a steep evidentiary hill to prove that he did what is drastically contrary to the most elementary caution in business affairs and the most rudimentary rules of financial self-preservation. Whether the court below believed that the Petersons successfully climbed that hill with the burden of proof they had to carry is not made clear in the court's opinion. The opinion merely states that the defendants "clearly and unequivocally testified" that they signed the controverted note in blank, but it does not point out that the plaintiff, through its president, categorically denied this testimony. The court contents itself with saying that the "note is so tainted with fraud and irregularity that justice requires that it be opened," but does not specify wherein the fraud and irregularity occur.

However, aside from all that, the court failed to take into consideration the fact that the defendants admitted at the time of the taking of depositions that they owe the plaintiff $1,752. After this admission was made, the plaintiff filed a petition asking to be allowed to proceed with execution for that amount. The attorney, at that time representing the defendants, agreed that the rule should be made absolute, and the court did make absolute the rule, discharging the stay of execution as to the stated amount. The defendants then, through new counsel, filed another petition to

open judgment and for a rule to show cause why they should not be let into a defense on the whole record. They alleged in that petition that their previous attorney had, without their knowledge, agreed to make absolute the rule discharging the stay of execution as to $1,752. The court discharged the rule on this petition because there was still pending for disposition the rule filed on April 26, 1960. Then, on June 1, 1962, the court made absolute the rule to open up the entire judgment and let the defendants into a general defense.

This action of the court cannot be sustained. When a debtor solemnly acknowledges the existence of a certain amount due under a judgment note, no purpose is served in refusing execution to the creditor of that amount, merely because the debtor alleges that he does not owe another amount.

The defendants have admitted, under oath, that they owe the plaintiff $1,752; there is no contest as to this sum. They should therefore pay it. Paying this amount in no way impedes the exercise of justice and fairness in the opening of the judgment as to the difference between $1,752 and the amount of the judgment note as filed.

The court below applied the rule cited in *Grady v. Schiffer*, 384 Pa. 302, that "if a judgment is entered and confessed for more than is owing, the court may open it in its entirety." In that case the judgment was stricken because it included items for which the confession was not authorized. The indicated rule, however, does not apply per se to a mere incorrect inclusion of amounts for items for which judgment could have been confessed under the warrant of authority. This was made quite clear in the recent decision of this court, *Roche v. Rankin*, 406 Pa. 92, 97, where Mr. Justice EAGEN said: "However, if the judgment is entered for items clearly within the warrant, but for an excessive amount, the court, rather than strike, will

modify the judgment and cause a proper judgment to be entered, unless (1) the judgment was entered for a grossly excessive amount and, hence, was an improper use of the authority given in the warrant; or, (2) the judgment entered shows on its face that unauthorized items were included. . ."

The lower court sought to apply exception 1 to the facts in this case but it cannot be assumed, in the present state of the record, that the judgment was grossly excessive.

Unlike *Kweller v. Becker*, 338 Pa. 169, also relied on by the court below, the plaintiff has not belatedly admitted that the full amount of the judgment is not due. On the contrary, it claims the full amount of the confessed judgment. In the present posture of the case, it asks to be permitted to proceed on the judgment for the amount the defendants admit owing.

The court below cited *Better Living, Inc. v. Filosa*, 199 Pa. Superior Ct. 110, in support of its decision. The analogy between that case and the one at bar is not apparent. In that case the plaintiff agreed to do a certain piece of work for $931. On May 15, 1961 the defendants executed a note for $1350, payable in 60 monthly installments. Judgment was confessed on June 6, 1961, not even a month later, for the full amount. The court said: " 'The charge of $410.00 on an obligation of $931.00 which was less than one month overdue amounts to a charge of about 46% for 18 days.' " Those facts unequivocally appeared in the petition to open judgment and the answer of the plaintiff. They clearly pointed to unconscionable hard dealing and improper entry of judgment for an excessive amount. The pleadings in this case do not permit of the conclusion so patent in the *Better Living* case.

We cannot, therefore, find that the present state of the record forbids the application of the general rule set forth in *Nissenbaum v. Farley*, 380 Pa. 257: "Since

the court decided that in a subsequent proceeding the validity of the judgment would not be at issue, it was clearly error to refuse execution on the undisputed amount. *If a petition asserts a defense to only a portion of the judgment debt, the judgment should be opened only to the extent necessary to protect defendant on his claim and should be continued in full force and effect as to the balance*: Gettier v. Friday, 375 Pa. 206, 209, 99 A. 2d 899. And see Keystone Bank of Spangler v. Booth, 334 Pa. 545, 6 A. 2d 417."

With regard to the measure of proof required to establish fraud in cases of this character, reference is made to *Kadilak Will*, 405 Pa. 238, 243, where this Court said: "The party relying on fraud or forgery has the burden of proving the facts upon which the alleged fraud or forgery is based and these facts must be proved by evidence which is clear, direct, precise and convincing: Molden Will, supra; Petro v. Secary Estate, 403 Pa. 540, 543, 170 A. 2d 325; see also: Williams v. McCarroll, 374 Pa. 281, 292, 97 A. 2d 14."

The defendants object to the confession of judgment by the plaintiff on the ground that it is not the real party in interest since the note shows that though it was made out to the plaintiff, Sterling endorsed it as payable to one Ida Tunnucci, the wife of H. Melnick, the attorney who had confessed judgment on the note. This objection to the confession of judgment should have been raised and argued on a petition to strike for a defect appearing of record.*

However, the defendants are entitled to be protected from any claims which might be made in behalf of the endorsee. Accordingly any payments made by them to

---

* We cannot agree that this endorsement gives rise to proof of fraudulent conspiracy between the plaintiff, the endorsee Ida Tunnucci, and her husband, H. Melnick, who confessed the judgment. As already held herein, the evidence at this present state of the record presents no proof of fraud.

the plaintiff or any execution proceeded upon by the plaintiff must be accompanied with such safeguards as will prevent a repetition of such claims. The plaintiff's right to proceed is therefore conditioned on its providing the defendants with legally sufficient protection against possible claims made by Ida Tunnucci in her behalf or in behalf of any third party.

Order reversed. Record remanded for further proceedings consistent with this opinion.