Harold A. GADSDEN et al., Appellant,

v.

Harry M. FRIPP, Supervisor of Colleton County, South Carolina (Successor to the late J. H. Hayden, former Colleton County Supervisor) and/or Harry M. Fripp's Successors in Office as Supervisor of Colleton County and Colleton County of The State of South Carolina, Walterboro, South Carolina, Appellees.

No. 9021.

United States Court of Appeals Fourth Circuit.

Argued Nov. 13, 1963.

Decided April 13, 1964.

Harold A. Gadsden, pro se (Samuel S. Mitchell, Raleigh, N. C., on brief), for appellant.

Thomas M. Howell, Jr., Walterboro, S. C., for appellees.

Before HAYNSWORTH and BOREMAN, Circuit Judges, and BARKSDALE, District Judge.

HAYNSWORTH, Circuit Judge:

The plaintiff in this diversity action sought the recovery of expense to which he had been put as a result of an abandoned attempt to condemn real estate he owned in South Carolina, a cause of action for which there is specific statutory

provision. Additionally, he alleged a continuing trespass upon his land by the defendants, officials of Colleton County, South Carolina.

The plaintiff filed a motion for summary judgment respecting his claim for recovery of expenses and damages arising out of the condemnation proceeding, and, at the same time, indicated that he wanted to bring in additional parties defendant, apparently as to the cause of action founded upon the claimed continuing trespass. The defendants filed a motion for leave to amend to set up the Statute of Limitations as a bar to recovery of the expenses and damages arising out of the abandoned condemnation proceeding. These two motions came on to be heard together.

At the hearing, the District Judge had the plaintiff sworn as a witness and, on the basis of the testimony of the witness, decided that the plaintiff was due $1,756.50 on account of expenses incurred by him in the condemnation proceeding. The expense claim was in a much larger amount, but the Court ordered entry of a final judgment in favor of the plaintiff in the amount of $1,756.50, together with the taxable costs in this action. The District Judge did not specifically rule upon the defendants' contention that recovery of any such expenses was barred by the Statute of Limitations, nor did he specifically rule upon the plaintiff's claim for damages arising out of the alleged continuing trespass.

■■■ It is elementary, of course, that, on a motion for summary judgment, the only inquiry is to the existence of an issue of triable fact. If there is no such issue, summary judgment may be awarded, but, if the Court, at the hearing on the motion for summary judgment, is of the opinion that there are disputed issues of fact, the usual procedure is to deny the motion for summary judgment and thereafter to determine the factual issues at a plenary trial. If it appears on the motion for summary judgment that there is no triable issue with respect to a portion of the claim while there are triable issues with respect to the re-

mainder, the Court, in its discretion, may enter a partial summary judgment, but it is not authorized to foreclose a trial of the remaining triable issues.

■ The only possible justification, therefore, for the Court's undertaking to dispose of the whole case on the basis of a disallowance of the plaintiff's claim to the extent to which it was disputed, or to the extent to which it was not clearly and definitely proved at the hearing on the motion for summary judgment, would be the enlightened consent of the parties. There is in the record some indication of such consent by the plaintiff speaking through an attorney. It was stated by the attorney that the plaintiff wished the judge to determine the matter, but we cannot find in the record such an unequivocal statement of an informed consent as to warrant the Court's order purporting to dispose of all issues at the conclusion of the hearing on the motion for summary judgment.

■■ The plaintiff has had a succession of attorneys. He represents in this Court that the attorney who accompanied him to the hearing on the motion for summary judgment had been engaged, principally, to meet the Statute of Limitations defense and was prepared only to represent the plaintiff in the argument of that issue. Neither he nor the plaintiff was prepared for a full trial of all disputed issues of fact and, clearly, they had no notice that such a trial would be held when the hearing opened. There had been no effort to have witnesses present and none were offered, but the plaintiff testified after having been required, or requested, by the Court to do so.

Under these circumstances, the plaintiff's lawyer's statement that he wanted the Judge to determine all matters is certainly equivocal. We are not convinced that it was intended to include authorization for the Judge's entry of a final judgment on those issues which the Judge, after the hearing, might conclude were triable issues of fact and which normally would require a complete trial. It is most unlikely that the plain-

tiff would have knowingly consented to such a submission of the whole case when he went without supporting witnesses and prepared only to submit his motion for summary judgment as to issues which he contended were undisputed. Under these circumstances, we think that the order entered at the conclusion of the hearing on the motion for summary judgment purporting to dispose of the entire case on the merits was unwarranted.

In this Court, the defendants have moved to dismiss the appeal because of the plaintiff's acceptance of a check for $1,756.50, the amount of the judgment entered in his favor by the Court. Such a check was promptly issued after entry of the judgment. It was payable jointly to the plaintiff and to two attorneys. The check was endorsed by the three payees, and, in due course, was paid. Here, the plaintiff represents that he endorsed the check at the insistence of the two attorneys, one of whom appeared with him at the hearing on the motion for summary judgment, and the other of whom had earlier represented him. He did so, he says, without intending to foreclose his right of appeal, and, thereafter, he took a timely appeal to this Court which brought the case here.

██ A payment of a judgment is not necessarily a bar to appeal.[1] When a payment of a judgment is made and accepted under such circumstances as to indicate an intention to finally compromise and settle a disputed claim, an appeal may be foreclosed, but, under such circumstances, it is the mutual manifestation of an intention to bring the litigation to a definite conclusion upon a basis acceptable to all parties which bars a subsequent appeal, not the bare fact of payment of the judgment.

██ If an appeal is taken by a defendant after he has paid a judgment, he runs the risk of being unable to obtain restitution if he prevails on appeal. If, on the other hand, an appeal is taken by a plaintiff who has received the payment, he runs the risk of having to make restitution in the event the proceedings are reopened as a result of his appeal. In this instance, the District Court, in its discretion, may condition the reopening of the entire case upon the plaintiff's repayment of the amount he received from the defendants or the giving of reasonable security for its repayment. Such a requirement need not be imposed if it is plain that, in any event, the plaintiff will ultimately prevail at least to the extent of the judgment he has obtained. Particularly in light of the limitations question, however, we cannot say, on the present record, that the plaintiff will certainly be entitled to a judgment in his favor in at least that amount. Accordingly, what, if any, restitution, or security for restitution, is required of the plaintiff as a condition to further proceedings in the District Court is left to the determination, in its discretion, of the District Court.

The judgment below is reversed and the case remanded for further proceedings not inconsistent with this opinion.

Reversed.

---

1. Woodson v. Chamberlain, 4 Cir., 317 F.2d 245.