## Williams v. Williams

*Jack Brian,* for plaintiff.

*Paul D. Nelson,* for defendant Betty Jane Williams.

KELLY, *J.,* June 10, 1977 — Plaintiff sued on a simple promissory note executed by defendants. Defendant-wife testified on her own behalf (over the objection of plaintiff) that she was instructed by her husband to sign the note as a "witness." Defendant-husband, who admitted liability, was also permitted to testify as to the circumstances of the execution of the note. His testimony contradicted defendant-wife.

Plaintiff filed motions for a new trial from a verdict rendered by the jury in favor of defendant-wife.

Plaintiff contends: (1) That defendant-wife is barred from testifying against her husband, and (2) that the verdict was against the weight of the evidence.

Plaintiff contends that the Act of May 23, 1887, P.L. 158, §5, C1(c), as amended, 28 P.S. §317, prohibits testimony by one spouse against the other. The act states: "Nor shall husband and wife be competent or permitted to testify against each other. . ." We disagree.

We believe that the statutory prohibition is not applicable to a proceeding where one party seeks to protect her separate property, or to a proceeding brought by a third party, wherein one spouse, in defense of the action, seeks to protect her separate property.

Both the Act of June 8, 1893, P.L. 344, sec. 3; March 27, 1913, P.L. 14, sec. 1, as amended, 48 P.S. §111, and the Act of June 8, 1893, P.L. 344 sec. 4; March 27, 1913, P.L. 14, sec. 1, as

amended, 28 P.S. §320, enlarged the rights of married women. These acts, read in connection with the statutory scheme, indicate that a married woman may sue and be sued, make contracts and otherwise act as if unmarried. However, a wife cannot sue her husband except in a proceeding for divorce, or in a proceeding to protect and recover her separate property.

Plaintiff seeks to preclude the testimony of defendant-wife on the theory that she is testifying against her husband. We hold, however, that the testimony statutory prohibition is not applicable. In doing so, we recognize that we are defining "separate property" in a broad and comprehensive sense. If plaintiff is successful in her action against defendant-wife, plaintiff may execute on any property owned by defendant-wife individually or as tenants by the entireties with defendant-husband.

If the wife can sue her husband alleging fraud and testify against him in a proceeding to recover her separate property, she can defend a suit against herself: Morrish v. Morrish, 262 Pa. 192, 105 Atl. 83 (1918). This is true even if in her defense the wife alleges and proves facts charging her husband with the perpetration of a fraud.

Recognizing that a new trial is necessary for reasons unrelated to this argument, we also hold that defendant-husband is competent to testify in rebuttal when his character is attacked. See 28 P.S. §319.

Plaintiff contends that the verdict of the jury was against the weight of the evidence. We agree.

The testimony of defendant-wife that her signature was obtained by her husband as a witness to a

blank note was vague, contradictory and uncertain.

"The person who claims that he signed a blank judgment note must climb a steep evidentiary hill to prove that he did what is drastically contrary to the most elementary caution in business affairs and the most rudimentary rules of financial self-preservation." Sterling Electric & Furniture Co. v. Peterson, 409 Pa. 435, 187 A. 2d 285 (1963).

The burden is on the party alleging fraud to prove it by evidence that is clear, precise, indubitable and beyond a reasonable doubt: Laughlin v. McConnel, 201 Pa. Superior Ct. 180, 191 A. 2d 921 (1963).

The oral testimony of Betty Jane Williams was uncorroborated and unsupported by any other evidence. Her testimony was contradicted by the testimony of another witness. Clearly, the evidence presented was not of such weight as to make out facts alleged beyond a reasonable doubt as required by law.

We recognize, as did the Superior Court in Manley v. Manley, 238 Pa. Superior Ct. 296, 357 A. 2d 641 (1976), that courts should view with special circumspection transactions between family members. When viewed in this light, it is clear that defendant-wife failed to produce sufficient evidence to meet her burden of proof.

We, therefore, enter the following

## ORDER

And now, June 10, 1977, upon consideration of the briefs, it is ordered and decreed that a new trial is granted as to plaintiff Chrystal Williams and defendant Betty Jane Williams.