AMSTAR CORPORATION,
Plaintiff-Appellant,

v.

SOUTHERN PACIFIC TRANSPORT
COMPANY OF TEXAS AND LOU-
ISIANA, Defendant-Appellee.

No. 79–2243
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 3, 1979.

Dennis John Hauge, New Orleans, La.,
for plaintiff-appellant.

Jones, Walker, Waechter, Poitevent,
Carrere & Denegre, Warren M. Schultz, Jr.,
New Orleans, La., for defendant-appellee.

Before COLEMAN, HILL and GARZA,
Circuit Judges.

PER CURIAM:

Appellant seeks to raise an issue as to the proper measure of damages resulting from damage done to a shipment of sugar from appellant's· factory to a customer. The shipment was transported by appellee and it was contended that the damage occurred enroute. However, because the case was ultimately resolved in the district court, by a consent judgment, we conclude that the appeal must be dismissed.

The original complaint alleged liability and damages. Before trial, the defendant, appellee here, filed a motion for partial summary judgment as to damages. Over the plaintiff's objection, the trial judge granted a limited summary judgment, restricted the plaintiff's claim to a lesser amount of damages than the plaintiff had sought. Thereafter, the parties entered into a pretrial order in which certain facts were stipulated and certain issues of fact and issues of law were set out as being contested. According to the pretrial order a full contest remained as to whether or not the plaintiff-appellant had delivered the sugar to the carrier in good condition, whether the carrier had been guilty of any negligence at all, and whether any damage to the cargo was the carrier's fault or the plaintiff's fault. After the case had been assigned for trial, the parties entered into a consent judgment upon stipulated facts resolving all of the contested issues in favor of the plaintiff-appellant and awarding the limited damages theretofore found appropriate by the court. Although the consent judgment contained a recognition that the plaintiff wished to appeal the issue of the limitation of damages, the fact that both parties freely consented to the entry of a final judgment precludes an appeal from it. See *White & Yarborough v. Dailey*, 228 F.2d 836 (5th Cir. 1955) (Per Curiam).

The appeal is

DISMISSED.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.