No. 79–1545. AMSTAR CORP. v. SOUTHERN PACIFIC TRANSPORT COMPANY OF TEXAS AND LOUISIANA. C. A. 5th Cir. Certiorari denied.

JUSTICE BLACKMUN, dissenting.

It seems to me that the Court's denial of certiorari in this case utterly ignores the parties' intent in executing a consent to a judgment and in their subsequent actions pursuant thereto.

Petitioner is a sugar refiner. It filed suit under § 20 (11) of the Interstate Commerce Act, 24 Stat. 386, as amended, 49 U. S. C. § 20 (11),[1] against respondent, a common carrier by motor, for damage to a cargo of sugar respondent undertook to transport. Although respondent by its formal answer denied liability, the real issue in the litigation proved to be the amount for which respondent was liable. Petitioner-shipper took the position that, under *Gore Products, Inc.* v. *Texas & N. O. R. Co.,* 34 So. 2d 418 (La. App. 1948), the proper measure of damages was the profit lost by petitioner on the completed sale, or $7,529.28. Respondent-carrier, on the other hand, contended that the proper measure was the cost of reprocessing the sugar for resale to another customer, or $488.65.[2] Respondent moved for partial summary judgment only on the issue of the quantum of damages. Over

---

[1] Section 20 (11) was repealed in 1978 by Pub. L. 95–473, § 4 (b), 92 Stat. 1466, but the Interstate Commerce Act was reenacted as positive law by the same statute. 92 Stat. 1337.

[2] The smaller amount is not in dispute. Respondent has not agreed that the larger amount is correct, but it states that it "has always assumed" that the profit lost on the completed sale of the sugar was in excess of the smaller amount. Brief in Opposition 2.

petitioner's objection, the United States District Court for the Eastern District of Louisiana granted that motion, leaving open, so far as that court was concerned, the issue of liability. The partial summary judgment, being interlocutory, of course was not then appealable. See 28 U. S. C. §§ 1291 and 1292.

After a pretrial conference, the parties by their counsel entered into a stipulation of facts, App. to Pet. for Cert. 29a, and submitted to the court a "Joint Motion for Approval of Consent Judgment." *Id.*, at 32a.[3] The District Court then entered its "Consent Judgment upon Joint Stipulation of Facts," *id.*, at 26a, the final paragraph of which recited:

> "This judgment is rendered in recognition of the reservation by the plaintiff of its right to prosecute an appeal in this action in connection with this judgment and in connection with the partial summary judgment rendered on March 14, 1979." *Id.*, at 27a.

The smaller of the two sums was then paid to petitioner. It thereupon executed a satisfaction of judgment, *id.*, at 34a, still reciting its reservation.[4]

Petitioner in due course appealed to the United States Court of Appeals for the Fifth Circuit. Both sides devoted their briefs in that court exclusively to the liability issue. The Court of Appeals, however, with a short *per curiam* opinion, held that, on the authority of another *per curiam* opin-

---

[3] This Joint Motion recited:

"Amstar Corporation joins in this motion with full reservation of its right to prosecute an appeal in this action, both with respect to the attached consent judgment and with respect to the partial summary judgment granted in this action on March 14, 1979." App. to Pet. for Cert. 33a.

[4] The satisfaction provided:

"This Satisfaction of Judgment has been executed by Amstar Corporation with full reservation of its right to prosecute an appeal in this action in connection with the judgment entered on May 3, 1979, and in connection with the partial summary judgment rendered on March 14, 1979." *Id.*, at 34a.

ion, *White & Yarborough* v. *Dailey,* 228 F. 2d 836 (CA5 1955), (the governing authority of which I seriously question), "the fact that both parties freely consented to the entry of a final judgment precludes an appeal from it." 607 F. 2d 1100 (1979).

It seems to me to be clear that any consent on the part of petitioner did not reach the disputed difference between $7,529.28 and $488.65. To the extent that the Court of Appeals' holding rests on the suggestion in *White & Yarborough* v. *Dailey,* 228 F. 2d, at 837, that an appeal will not lie when payment of the judgment has been accepted, that holding is inconsistent with *United States* v. *Hougham,* 364 U. S. 310 (1960), where this Court said:

"It is a generally accepted rule of law that where a judgment is appealed on the ground that the damages awarded are inadequate, acceptance of payment of the amount of the unsatisfactory judgment does not, standing alone, amount to an accord and satisfaction of the entire claim." *Id.,* at 312.

Nor does the mere fact that the parties entered into a consent judgment preclude appeal. In *Swift & Co.* v. *United States,* 276 U. S. 311 (1928), it was observed:

"The decree sought to be vacated was entered with the defendants' consent. Under the English practice a consent decree could not be set aside by appeal or bill of review, except in case of clerical error. . . . In this Court a somewhat more liberal rule has prevailed. Decrees entered by consent have been reviewed upon appeal or bill of review where there was a claim of lack of actual consent to the decree as entered . . . ." *Id.,* at 323–324.

Here there is "a claim of lack of actual consent." See also *Nashville, C. & St. L. R. Co.* v. *United States,* 113 U. S. 261 (1885); *Pacific R. Co.* v. *Ketchum,* 101 U. S. 289 (1880).

The Court of Appeals' opinion also seems to me to be in

some tension, if not outright conflict, on the point at issue, with *diLeo* v. *Greenfield,* 541 F. 2d 949, 952 (CA2 1976); *United States ex rel. H & S Industries, Inc.* v. *F. D. Rich Co.,* 525 F. 2d 760, 764–765 (CA7 1975); and *Gadsden* v. *Fripp,* 330 F. 2d 545, 548 (CA4 1964).

It may well be that upon review of the merits of the District Court's judgment, respondent will prevail. It seems to me, however, that petitioner is entitled to a ruling on the merits of its appeal to the Court of Appeals, and is not to be foreclosed by a strict concept of consent and acceptance in the face of facts that the asserted consent was specifically limited and that petitioner consistently and persistently disclaimed full settlement of the lawsuit. Indeed, until the case arrived here, respondent does not appear to have claimed otherwise.

The amount in contest is not large, but that fact in itself is no reason for this Court's lack of interest in a case where the principle is important. I would give serious consideration to a summary reversal of the judgment of the Court of Appeals. At the least, I would grant certiorari and set the case for argument.