514 A.2d 938

**BOYERTOWN OIL COMPANY, INC., Appellee,**

v.

**OSAN MANUFACTURING COMPANY, INC., Appellant.**

Superior Court of Pennsylvania.

Submitted April 8, 1986.

Filed Sept. 12, 1986.

Craig S. Boyd, Boyertown, for appellant.

David L. Allebach, Jr., Pottstown, for appellee.

Before CIRILLO, President Judge, and ROWLEY and WIEAND, JJ.

WIEAND, Judge:

Boyertown Oil Company, Inc. (Boyertown) recovered a partial summary judgment against Osan Manufacturing Company, Inc. (Osan) for the price of oil delivered to Osan on three separate occasions. After the expiration of the appeal period, Boyertown issued execution on its judgment. Osan then attempted to stay the execution until liability for a fourth delivery of oil had been adjudicated. The trial court denied Osan's request, and this appeal followed. We affirm.

The action had been commenced by Boyertown to recover the agreed price of oil delivered to Osan on four separate occasions. After discovery proceedings had been completed, Boyertown filed a motion for partial summary judgment on the basis of admissions made by Osan's president that his corporation owed Boyertown the prices charged for the first three deliveries. The trial court granted the motion and caused judgment to be entered for Boyertown in the amount of $10,666.69. No appeal was filed from the entry of this judgment. After the appeal period had expired, Boyertown issued execution against its judgment debtor. Osan then filed a petition in the trial court asking the court to "clarify" the summary judgment by determining whether it was enforceable before there had been an adjudication of the dispute regarding liability for the fourth delivery and Osan's counterclaim arising out of the fourth delivery. By order dated June 26, 1985, the trial court held that Boyertown's judgment could be enforced and refused to stay execution until after the remaining claim had been adjudicated.

Many years ago the legislature in Pennsylvania provided that a court should have the power to enter judgment in an amount which a defendant has admitted to be due. See: Act of May 31, 1893, P.L. 185, 12 P.S. § 736, *suspended by* 42 Pa.C.S. § 1722(a)(1); Practice Act of 1915,

Act of May 14, 1915, P.L. 483, § 17, 12 P.S. § 735, *suspended by* 42 Pa.C.S. § 1722(a)(1). See also: 2 Goodrich-Amram 2d §§ 1037(b):3, (c):2. This power of the court remains extant. Pa.R.C.P. 1037(c) provides that "[i]n all cases, the court, on motion of a party, may enter an appropriate judgment against a party upon default or admission." Rule 1037(c), when considered in conjunction with Pa.R.C.P. 1034(b), which authorizes a court to enter judgment "as shall be proper on the pleadings," was held to constitute authority for the entry of a partial judgment on the pleadings for that portion of a claim whose validity was admitted. See: *Kappe Associates, Inc. v. Aetna Casualty and Surety Co.*, 234 Pa.Super. 627, 630 n. 1, 341 A.2d 516, 518 n. 1 (1975). See also: *Jeffrey Structures, Inc. v. Grimaldi*, 186 Pa.Super. 437, 441–442, 142 A.2d 378, 380 (1958); 2 Goodrich-Amram 2d § 1037(c):2. Rule 1037(c) must also be read in pari materia with Rule 1035, which permits the entry of summary judgment whenever there is no genuine issue as to a material fact and the moving party is entitled to judgment as a matter of law. It would be truly anomalous to permit a partial judgment on the pleadings for an amount admitted to be due but not a partial summary judgment if the amount admitted to be due should be contained in depositions or answers to interrogatories. It seems clear, therefore, that the trial court in this case could properly enter summary judgment on one or more, but fewer than all, claims alleged in the complaint.[1]

■ In the instant case, Boyertown's complaint stated not a single claim but four distinct claims arising out of four

---

1. The author of the dissenting opinion concludes that Pa.R.C.P. 1035(c) prohibits the entry of partial summary judgment under any circumstances. To support this conclusion, the dissent relies upon interpretations of the federal counterpart to Rule 1035(c). Such reliance, however, is misplaced. Although Pa.R.C.P. 1035(c) is a verbatim duplication of Rule 56(d) of the Federal Rules of Civil Procedure, Federal Rule 56(d) is only one of several provisions within the Federal Rules which delineate the circumstances under which summary judgments may be entered. Other provisions specifically empower federal courts to enter partial, summary relief. See: Fed.R. Civ.P. 54(b) and 56(a). Recognizing that these provisions have endowed the federal judiciary with the power to enter partial summary

separate transactions. They were joined, as permitted by Pa.R.C.P. 1020(a), in one complaint. However, the four causes of action, being separate, might well have been asserted in separate complaints. In that event, Boyertown's right to summary judgments for the amounts due on account of three, separate deliveries of oil would have been clear. The result is not different because Boyertown elected to include the four separate claims in one complaint.

■ Moreover and in any event, no appeal was ever filed from the summary judgment entered by the trial court in this case. Therefore, the judgment became final after the expiration of thirty days. See: *Simpson v. Allstate Insurance Co.,* 350 Pa.Super. 239, 243–45, 504 A.2d 335, 337 (1986); *Hunter v. Employers Insurance of Wausau,* 347 Pa.Super. 227, 229–230, 500 A.2d 490, 491 (1985). Any objection to the validity of the judgment was waived by Osan when it failed to take a timely appeal therefrom.

relief, some federal courts have held that Rule 56(d) does not create an overlapping power. See, e.g., *Coffman v. Federal Laboratories, Inc.,* 171 F.2d 94 (3d Cir.1948); *Biggins v. Oltmer Iron Works,* 154 F.2d 214 (7th Cir.1946); *Testa v. Janssen,* 492 F.Supp. 198 (W.D.Pa.1980); *Bonda's Veevoederfabriek, Provimi, B.V. v. Provimi, Inc.,* 425 F.Supp. 1034 (E.D.Wis.1976). See also: 10A Wright, Miller and Kane, *Federal Practice and Procedure,* § 2737, at 457–458. Contra: *Gadsden v. Fripp,* 330 F.2d 545 (4th Cir.1964); *Blackford v. Action Products Co.,* 92 F.R.D. 79 (W.D.Mo.1981); *Velsicol Corp. v. Hyman,* 103 F.Supp. 363 (D.Colo.1952). However, they have not held, as the dissent suggests, that Rule 56(d) *prohibits* the entry of partial summary judgment. Indeed, such an interpretation of Rule 56(d) would deprive the other rules which create such a power of any meaning whatsoever. Instead of being interpreted as restricting the federal judiciary's power to enter partial relief, Rule 56(d) has been construed to complement that power. Where the entry of a final judgment on one of multiple claims or on part of a single claim is not appropriate, Rule 56(d) nevertheless allows the court to enter an order specifying those issues which will not be in dispute in a subsequent trial on the merits of the claim or claims. See: *Metal Coating Corp. v. Baker Manufacturing Co.,* 227 F.Supp. 529, 530 (W.D.Wis.1964).

The Pennsylvania rules operate in a similar manner. Rule 1035(c) neither proscribes nor specifically authorizes summary judgment for parts of claims admitted by a party to be due and owing. When read with other rules authorizing the entry of judgment, however, it is clear that a final judgment may be entered as to one or more, but fewer than all, claims asserted in the complaint.

Osan's appeal was taken from the order of June 26, 1985 which permitted enforcement of the judgment and not from the order entering summary judgment. The issue to be decided by this Court, therefore, is whether an unchallenged, final judgment can be enforced before related claims have been finally adjudicated.

"Executions are within the equitable control of the court from which they are issued." *Fedun v. Mike's Cafe, Inc.*, 204 Pa.Super. 356, 360, 204 A.2d 776, 779 (1964), *aff'd*, 419 Pa. 607, 213 A.2d 638 (1965). See: *Sinking Fund of Commissioners of Philadelphia v. Philadelphia*, 324 Pa. 129, 135, 188 A. 314, 317–318 (1936). A court's decision to grant or stay execution will not be disturbed absent an abuse of that discretion. *Id.* Generally, a "court may permit the issuance of an execution on a judgment entered on an admission of the defendant as to a part of the claim of the plaintiff ... even where there is no standing rule of court which authorizes such execution." 12 Std.Pa.Prac.2d § 72:9.

In *Sterling Electric & Furniture Co. v. Peterson*, 409 Pa. 435, 187 A.2d 285 (1963), the plaintiff had obtained a judgment by confession in the amount of $6,650 pursuant to authorization contained in a judgment note which had been executed in blank by defendants. Although defendants admitted owing plaintiff $1,752 on the note, they filed a petition to open the entire judgment on the ground that plaintiff had fraudulently overstated the amount owed. Based on defendants' admission, the plaintiff petitioned the trial court for leave to proceed with execution for the undisputed amount. The trial court denied plaintiff's petition for execution and opened the entire judgment. In reversing, the Supreme Court said:

> This action of the Court cannot be sustained. When a debtor solemnly acknowledges the existence of a certain amount due under a judgment note, no purpose is served in refusing execution to the creditor of that amount, merely because the debtor alleges that he does not owe another amount.

The defendants have admitted, under oath, that they owe the plaintiff $1,752; there is no contest as to this sum. They should therefore pay it. Paying this amount in no way impedes the exercise of justice and fairness in the opening of the judgment as to the difference between $1,752 and the amount of the judgment note as filed.

*Id.,* 409 Pa. at 438, 187 A.2d at 287. See also: *Nisenbaum v. Farley,* 380 Pa. 257, 110 A.2d 230 (1955) (where the validity of a judgment is not at issue, it is erroneous to refuse execution on the undisputed amount).

■ The reasoning of the Court in *Sterling Electric* is controlling of the case *sub judice.* Where, as here, the defendant has "solemnly acknowledged" the validity of a portion of the plaintiff's claim and judgment has been entered in the amount admitted to be due, requiring the defendant to pay the judgment immediately does not impair the defendant's right to litigate the remainder of the plaintiff's claim. Indeed, to delay execution on a judgment, which is a recognized, vested property right, may well be contrary to notions of "due process." See: *Sinking Fund Commissioners of Philadelphia v. Philadelphia, supra* 324 Pa. at 133–134, 188 A. at 317.

Once again, it is helpful to examine Boyertown's right to execute in light of the fact that it has recovered on three causes of action which are separate and distinct from the fourth. These separate causes of action might have been stated in separate complaints. If Boyertown had recovered summary judgments in three separate actions, its right to enforce those judgments would have been clear. The right to enforce the judgment recovered in this case for moneys due in three separate transactions is equally unassailable.

We hold, therefore, that the trial court did not commit an error of law or abuse its discretion when it refused to stay execution on Boyertown's judgment.

Order affirmed.

CIRILLO, President Judge, files a dissenting opinion.

CIRILLO, President Judge, dissenting:

Boyertown Oil Company, Inc. (Boyertown) was awarded a partial summary judgment against Osan Manufacturing Company, Inc. (Osan) for the price of oil delivered to Osan on three separate occasions. The majority holds that Boyertown may enforce this partial judgment despite the fact that the amount due for a fourth delivery is in dispute and Osan's counterclaim against Boyertown for damages has not been fully and finally litigated. I respectfully dissent.

This is an appeal from an order entered by the Court of Common Pleas of Berks County whereby appellee, Boyertown Oil Company (hereinafter "Boyertown"), was permitted to enforce, prior to trial, a money judgment gained by partial summary judgment against appellant, Osan Manufacturing Company (hereinafter "Osan"). Osan appeals averring that the trial court erred in permitting Boyertown to execute on a partial summary judgment before a final judgment was entered upon the remaining contested issues.

In this appeal, we are presented with an issue of first impression: whether a court which grants a "partial summary judgment" pursuant to Pa.R.Civ.P. 1035(c) may enter and enforce that judgment prior to trial on the merits of the claims still in substantial controversy, or must merely enter an order specifying that the facts existing without substantial controversy are deemed established for trial. After a careful review of the record and applicable law, I would find that a party should be precluded from executing upon a "partial summary judgment" entered in his favor prior to disposition at trial of the contested issues which remain. Accordingly, I would reverse.[1]

Appellant-Osan and appellee-Boyertown have engaged in numerous business transactions with each other over a

---

1. Boyertown contends that Osan's appeal is untimely because it was filed more than 30 days after the entry of the "partial summary judgment." I disagree. Osan is appealing from the June 26th order in which the court permitted Boyertown to execute immediately upon the March 11th "partial summary judgment." Osan filed this appeal on July 12th which was well within the 30-day requirement of Pa.R.A.P. Rule 902.

number of years. Boyertown supplied oil and burner services to Osan. Osan phoned Boyertown when it needed oil and Boyertown would then deliver the requested amount. In January, 1983, Osan received its last delivery from Boyertown. Osan refused to pay for this final shipment claiming that it had never ordered the oil. In addition, Osan failed to pay for three prior deliveries which it received in October and November of 1982. Boyertown then initiated this action to recover the costs of these deliveries. Osan filed a counterclaim for damages allegedly caused by Boyertown's negligence.[2]

Subsequently, appellee filed a motion for summary judgment. Osan admitted owing Boyertown for the three oil shipments it received in late 1982. However, Osan contested Boyertown's assertion that it owed Boyertown for the January, 1983 shipment. Not only did Osan deny this portion of Boyertown's claim but Osan filed a counterclaim against Boyertown for damages in an amount in excess of that claimed by Boyertown. The trial court granted a "partial summary judgment" for the first three oil deliveries for which Osan did not dispute owing Boyertown. Thirty days after the entry of this order, Boyertown levied upon Osan's personal property. Osan then petitioned the trial court to clarify its order granting summary judgment. Osan requested clarification as to whether or not the money judgment granted was enforceable by Boyertown prior to the trial on the remaining issues raised in the complaint and counterclaim. The court entered an order stating that "partial summary judgment" was enforceable prior to trial on the merits of the complaint and counterclaim. This timely appeal followed the clarification order.

On appeal, appellant submits that the term "partial summary judgment" is a misnomer. Appellant argues that a partial summary judgment is not dispositive of all issues

2. In its counterclaim, Osan claims it was damaged when Boyertown failed to deliver a sufficient amount of oil to Osan in January, 1982. As a result of these allegedly inadequate deliveries, Osan submits that it suffered damage to its oil burner and was forced to get a new burner and to close its plant for one day.

involved in the underlying claim; and, therefore it is not subject to execution immediately but must be held in abeyance until final determination of those issues which remain. Osan does not contest the propriety of the granting of the "partial summary judgment." Appellant merely asserts that appellee must wait until the conclusion of the trial when the remaining portions of the claim and the entire counterclaim are fully and finally adjudicated. I agree.

The trial court determined that Pa.R.Civ.P. 1035(c) empowers it to enter a partial summary judgment such as the one entered in the case *sub judice* and that under this provision once such a judgment is entered it may be executed upon. This rule of procedure provides:

> If on a motion under this rule judgment is not rendered upon the *whole case* or for *all the relief asked* and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall *if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted.* It shall *thereupon make an order* specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy and directing such further proceedings in the action as are just. *Upon the trial of the action the facts so specified shall be deemed established,* and the trial shall be conducted accordingly.

Pa.R.Civ.P. 1035(c) (emphasis provided).

This rule is written clearly and is not subject to a variety of interpretations. It specifically states that in those situations where a summary judgment is "not rendered upon the whole case or for all the relief requested," the trial court is authorized to "*ascertain* what material *facts exist without substantial controversy.*" Pa.R.Civ.P. 1035(c) (emphasis provided). The trial court simply determines which items are not disputed. Nothing in this provision empowers the trial court to enter a judgment as to a portion of the claim before it.

In addition, subsection (c) unequivocally provides that in those situations where the trial court may practicably determine, which issues are not in contention, the court "shall thereupon *make an order* specifying the facts that appear without substantial controversy." Pa.R.Civ.P. 1035(c) (emphasis provided). Under this subsection of Rule 1035 no judgment is entered at all; the court merely enters an order. 2 Goodrich-Amram 2d § 1035(c):1; 6 Standard Pennsylvania Practice § 32:56. The trial court is authorized *only* to make an order as to the non-controverted facts. This rule does not contemplate a summary judgment for a portion of a claim in a suit. The purpose of this subsection is "to convert the proceedings on the motion for summary judgment into a pretrial conference by simplifying the issues, determining which items are not in controversy, and avoiding unnecessary proof at trial." *Id.* Clearly, Boyertown was merely entitled to an order specifying the amount of his claim no longer in dispute and not a judgment.

Both parties and the trial court frequently referred to Fed.R.Civ.P. 56. Rule 1035 of the Pennsylvania rules adopted, for the most part, the language present in the Federal rule on summary judgment. Based on the identical language of Fed.R.Civ.P. 56(d) and Pa.R.Civ.P. 1035(c), the trial court turned to the federal courts for guidance in interpreting the Pennsylvania rule. *Mangino v. Steel Contracting,* 427 Pa. 533, 235 A.2d 151 (1967); *Michigan Bank v. Steensen,* 211 Pa.Super. 405, 236 A.2d 565 (1967).

While a review of federal cases interpreting subsection (d) of Rule 56 offers guidance for Pennsylvania courts charged with the task of interpreting subsection (c) of Rule 1035, such cases are not controlling. This is especially true in light of the fact that when Fed.R.Civ.P. 56 and Pa.R. Civ.P. 1035 are read in their entirety the identical nature of subsections (d) and (c) of the respective rules loses its importance. The Federal rule clearly contemplated situations when a partial summary judgment would be necessary or desirable. *See* Fed.R.Civ.P. 56(a) (a party seeking to recover upon a claim, counterclaim, or cross-claim ... may

move with or without supporting affidavits for a summary judgment in his favor *upon all or any part* thereof) (emphasis provided); Fed.R.Civ.P. 56(b) (a party against whom a claim, counterclaim, or cross-claim is asserted ... may move with or without supporting affidavits for a summary judgment in his favor as to *all or any part* thereof) (emphasis provided). Those Federal cases which permit the entry of a partial summary judgment under subsection (d) of Rule 56 do so by construing this subsection in conjunction with subsections (a) and (b) of that rule. *Associated Hardwood Supply Co. v. Big Wheel Distributing Co.*, 355 F.2d 114 (3d Cir.1965); *Gadsden v. Fripp*, 330 F.2d 545 (4th Cir.1964); *Velsicol Corp. v. Hyman*, 103 F.Supp. 363 (D.C.Colo.1952).

The Pennsylvania rule on summary judgments has no provisions which correspond to subsections (a) and (b) of Rule 56 of the Federal rules. It is patently obvious that by failing to adopt these subsections as it did subsection (d) of Rule 56, the drafters of the Pennsylvania rule effectively precluded the granting of a summary judgment for a portion of a claim.

Those Federal cases which do not permit the entry of a partial summary judgment under subsection (d) of Rule 56 do so in reliance on subsection (d) alone. *Biggins v. Oltmer Iron Works*, 154 F.2d 214 (7th Cir.1946); *Bethlehem Steel Corp. v. Tishman Realty and Construction*, 72 F.R.D. 33 (S.D.N.Y.1976). Under these cases, "all that [Boyertown] was entitled to was an order (not a judgment) fixing the amount of his claim no longer in dispute, which, under proper procedure would have ripened into a judgment only upon the ultimate disposition of the whole of his claim. It follows that the [trial] court at that stage of the proceeding was without authority to enter a judgment." *Biggins*, 154 F.2d at 216.

Applying a purely common sense approach, there appear to be very few reasons to refuse to allow a party in Boyertown's situation to wait for the conclusion of a trial on the remaining issues to collect a sum of money that Osan

has already agreed is owed by it to Boyertown. However, to allow Boyertown to collect on this debt immediately would only encourage piecemeal litigation. "The policy of law 'abhors piecemeal determinations and the consequent protraction of litigation.' " *Fried v. Fried,* 509 Pa. 89, 97, 501 A.2d 211, 215 (1985) (quoted with approval in *Metropolitan Life Insurance Co. v. Bodge,* 352 Pa.Super. 191, 507 A.2d 837 (1986)). Osan has filed a counterclaim against Boyertown in which it seeks damages in excess of what it owes Boyertown. If Osan's counterclaim is successful, it would be in a position to set-off the debt it owes Boyertown against that debt then owed by Boyertown to Osan. By allowing Boyertown to execute upon the "partial summary judgment" immediately, Osan's right to set-off is effectively destroyed.

In addition, allowing a party who has successfully moved for a "partial summary judgment" to execute upon it immediately would discourage parties, such as Osan, from acquiescing to part of their opponent's claim. The effect of an order entered pursuant to Rule 1035(c) is to simplify those issues which will proceed to trial. It is not intended to subject the losing party to a demand for immediate payment of the admitted debt. "Primarily, its purpose seems to be to salvage some results from the judicial effort involved in the denial of the motion for summary judgment." *Yale Transport Corp. v. Yellow Truck & Coach Mfg. Co.,* 3 F.R.D. 440, 441 (S.D.N.Y.1944) (applying Fed.R. Civ.P. 56(d)).

Under subsection (c) of Rule 1035, the trial court is empowered to enter an order specifying the facts that appear without substantial controversy including the extent to which the amount of damages or other relief is not in controversy. The order is in the nature of a pre-trial adjudication, not a final judgment. In the case *sub judice,* the fact that Osan owed Boyertown $10,669.69 for the undisputed oil deliveries made in the latter part of 1982 will be deemed established pursuant to Pa.R.Civ.P. 1035(c), and the trial shall be conducted accordingly. Boyertown is not

entitled to a judgment for this amount until final disposition of the remaining issues of the claim and the entire counterclaim.

Accordingly, I dissent. I would reverse the order of the trial court permitting Boyertown to enforce the partial judgment it has recovered against Osan.