### In re: VIOXX PRODUCTS LIABILITY LITIGATION.

**Homer Jones, Plaintiff—Appellant**

v.

**Merck & Company, Incorporated, Defendant—Appellee.**

**No. 10–30209**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

April 14, 2011.

Homer Jones, Lexington, OK, pro se.

John A. Kenney, McAfee & Taft, Oklahoma City, OK, for Defendant–Appellee.

---

316

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM: *

The district court dismissed Appellant Homer Jones's personal injury claims against Merck & Company pursuant to a joint stipulation of dismissal with prejudice that Jones signed when he submitted his claim to a nonjudicial resolution program established pursuant to a settlement agreement between Merck and a group of plaintiffs' counsel. After Jones was found by the program administrators to be ineligible to participate in the settlement and he failed properly to complete the process for returning his case to the court system, Merck filed the joint stipulation of dismissal, which was signed by Jones and Merck's counsel, in the district court. The district court then entered an order dismissing Jones's complaint.

In his *pro se* brief on appeal, Jones does not contend that his signature on the joint stipulation of dismissal with prejudice was involuntary or unknowing. Instead, he argues, for the first time on appeal, that the nonjudicial resolution program administrators erred by finding that he was ineligible to participate in the settlement, and that he can prove that Merck's product, Vioxx, caused his alleged injury.

We generally do not consider issues presented for the first time on appeal. *See Northrop Grumman Ship Systems, Inc. v. Ministry of Defense of the Republic of Venezuela,* 575 F.3d 491, 504 (5th Cir. 2009). The joint stipulation of dismissal without prejudice, signed by Jones and Merck's counsel, was effective upon filing. *See SmallBizPros, Inc. v. MacDonald,* 618 F.3d 458, 461 (5th Cir.2010) ("Except in special circumstances . . . a voluntary or-

der of dismissal requested by both parties is effective upon filing and does not require the approval of the court."). Because Jones does not challenge the voluntariness of his stipulation, "the fact that both parties freely consented to the entry of a final judgment precludes an appeal from it." *Amstar Corp. v. Southern Pacific Transport Co.,* 607 F.2d 1100, 1100 (5th Cir.1979). Accordingly, Jones's appeal is DISMISSED. Jones's motions for joint designation treated as a motion to supplement the record on appeal and for appointment of counsel are DENIED.

APPEAL DISMISSED; MOTIONS DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.